## LEWIS, USE OF, &c. v. HOUSTON.

Where the defendant had assigned to the plaintiff " a judgment which was recovered
" by me (him) at the last Term of the Supreme Court against Mirabeau B. Lamar
" for eleven hundred and one and 73-100 dollars," and the plaintiff, after the ex-
piration of two years, sued the defendant for three hundred and fifty dollars and
interest, making the said assignment a part of the petition, and alleging that the
judgment, so assigned, although originally rendered for the amount stated in the
assignment, had been released to the amount of three hundred and fifty dollars,
before said assignment; that the defendant had guaranteed the amount of the
judgment to be $1101 73; and that the deficiency was not discovered until a few
months before suit brought (stating the time;) *Held*, That the limitation of two
years applied to the action; and that it commenced to run from the date of the
assignment, and not from the discovery of the deficiency in the judgment.
See this case for Judge Lipscomb's opinion that our statute of limitations runs in
favor of fraud and mistakes, without regard to the time of their discovery.

Appeal from Walker. The assignment referred to in plain-
tiff's (appellant's) petition, was as follows:

Montgomery County, Texas, ⎰ Know all men by these pre-
    February 23rd, 1846. ⎱ sents that I, Sam Houston
of the county aforesaid, do, by these presents, transfer to Col.
Ira R. Lewis a judgment which was recovered by me at the
last Term of the Supreme Court, against Mirabeau B. Lamar,
Esq., for eleven hundred and one dollars and seventy-three
cents, with interest, &c., as the agent and attorney of Joseph
W. Meek, in satisfaction (full) for a judgment which said
Meek recovered against me, with costs and interest, at the
Spring Term of the District Court of Washington county;
and by these presents I authorize the said Lewis, Esq., so soon
as the judgment against me, obtained by said Meek, is receipt-
ed (and is entered on the records of the Court) to proceed to
the recovery of debt and judgment rendered in my favor
against the aforesaid Lamar, and to dispose of the same in
any manner which he may think proper, hereby investing him
with all the rights which I possess, in the premises, on the

consideration aforesaid. Witness my hand and seal the day and date above written. SAM HOUSTON. [L. S.]

The defendant excepted to the petition on the ground (1) that the suit was not brought within two years, and (2) because it did not appear from the contract, that there was any stipulation as to the amount of the judgment, the amount for which it was rendered being mere matter of description in the assignment. There was also a plea of the statute of limitation of two years; to which the plaintiff excepted. The Court sustained the exceptions to the petition, and, the plaintiff failing to amend, dismissed the case. The other facts will be found in the opinion of the Court.

*W. A. Leigh,* for appellant. Those actions, required to be instituted within two years, are carefully named and plainly set forth in the statute; and in which the present action could not possibly be included, I care not how liberal the construction given to it. (See Hart. Dig. Art. 2377.) This is an action grounded upon a contract in writing, the only limitation to which is four years. (Ib.)

The defendant represents in his contract of assignment, that he had recovered a judgment against Mirabeau B. Lamar for the sum of $1101 73, (the judgment assigned to plaintiff,) when in fact the judgment recovered was only for the sum of $751 73. Is not the defendant bound by his own representations? Is it not a warranty? Would the plaintiff have given the valuable consideration which he gave for it, had the defendant made a representation in accordance with the fact? Where a vendor of a horse represents that the horse is perfectly quiet and free from vice, it is held to be a warranty to that effect. (See Leigh's *Nisi Prius,* 2 Vol. 1503.) And I can see no reason why the same rule should not apply to representations in the sale or assignment of judgments, when the purchaser is clearly relying entirely upon the truth of party's representations, the record of the judgment being at a distance, so that it could not be inspected, as appears in this case from the con-

tract of assignment itself. The assignment was made in the county of Montgomery.

In the contract of assignment, the defendant not only represents the judgment as being for the sum of $1101 73, but he transfers a judgment of that amount to the plaintiff.

Suppose the defendant had recovered no judgment at all against Lamar, would he not have been bound to pay the plaintiff the amount assigned? Most assuredly; and if so, is he not bound for any deficiency? And if he is bound, must not the action be grounded upon this contract in writing? this deed of assignment?

But suppose that such were not the case, there is an allegation in the original petition, that there was a mistake as to the amount of said judgment, and that that mistake was not discovered until February 9, 1849. This action was instituted on the 5th November, 1849. So that the statute of limitation of two years could not apply, as it would not begin to run until the time of discovery of the mistake, under the rulings of Courts of equity. Upon this subject see Story's Equity, 2 Vol. p. .989, also note 3 on same page.

*Yoakum & McCreary*, for appellee. The contract shows that it was merely an exchange of one judgment for the other. It does not purport to be an exchange of monies, or equivalent choses in action. The amount of the Supreme Court judgment is set out on a description, and not as a chose of so much value. The amount of the Washington judgment is not named in the contract. Now, to state that Houston represented and by his assignment guaranteed the Supreme Court judgment to be for so much, and aver the Harris judgment was for so much, without showing the connection between them, is a *non sequitur*. The petition sets up a further claim of forty dollars costs paid on the Washington judgment. But this was on the contract. " Satisfaction full " was to be entered on the record.

But, supposing the petition had represented the connection

between the Harris and Supreme Court judgments, as the facts would have waranted, and had averred that the judgments at Washington and the Supreme Court were represented and supposed to be of equal worth and value, how would the plaintiff then stand? He had let the matter sleep for four years nearly. Houston's remedy, if any he had for the release, if any release was made had lapsed. By the plaintiff's own laches he was remediless.

The party should have used diligence in having the mistake corrected. (1 Story, Eq. Sec. 146.) The mistake must be clear. (Id. Sec. 147–8–9; see also Sec. 150–2–6–7, *et seq.* of same volume.)

No fraud is alleged. The records were open to both parties. If the party did not examine his purchase for so long a time, it was his duty to have done so. (1 Fonbl. Eq. B. 1, Ch. 2; Powell on Cont. 200.) The statute of limitations applies to mistakes.

LIPSCOMB, J. This suit was brought in the District Court of Walker county, by the plaintiff, to recover from the defendant the sum of three hundred and fifty dollars, with interest, from the 12th day of April, 1843, and for the further sum of forty dollars with interest thereon from —— day of —— 1846.

It is alleged in the petition, that on the 23rd day of January, 1846, the said Houston assigned to the petitioner a certain judgment, obtained by said Houston, against Mirabeau B. Lamar, in satisfaction of a judgment obtained by one Jos. W. Meek against said Houston in the District Court of Washington county, which assignment is under the hand and seal of the said Houston, and is made profert of as part of the petition, in which the said Houston represents the judgment, so assigned, to have been recovered in the Supreme Court and to have been for eleven hundred and one dollars and seventy-three cents. It is averred that no such judgment was recovered by Houston against Lamar. Petitioner alleges that Houston recovered against Lamar, in the District Court of Har-

ris county, Spring Term, 1843, judgment for eleven hundred and one dollars and seventy-three cents, principal, and two hundred and thirty-four and 13-100 dollars, interest; that of this sum the interest was released, and the further sum of three hundred and fifty dollars, leaving due on the said judgment, seven hundred and fifty one dollars and seventy-three cents, that Houston had guaranteed the said judgment, assigned, to be for eleven hundred and one dollars and seventy-three cents. It is alleged that petitioner did not discover the mistake until the month of February, 1849 ; that the petitioner had paid the sum of forty dollars, as costs, to the officers of Court in the suit of Meek.

The assignment of the judgment against Lamar, in satisfaction of Meek's judgment against Houston, is pretty much in the terms stated in the petition, with the exception, that it does not contain any guarantee of the judgment, nor the amount against Lamar.

The plaintiff amended his petition, alleging that satisfaction of the judgment against Houston had been entered in Washington county.

The defendant pleaded the statute of two years limitation ; to which the plaintiff excepted; his exception was overruled ; and there was a judgment for the defendant.

The plaintiff assigns for error, the sustaining the plea of the statute of limitations of two years. He contends that the statute of two years does not apply to this case, because he says the suit is on a written contract. And 2nd. If the two years statute applies, it did not commence running, until the mistake was discovered, in the amount of the judgment against Lamar.

We cannot regard the action as founded on any written contract for the amount sued for. There is no guarantee in the assignment, that the judgment is of the amount stated, and therefore no written undertaking to pay the difference.

The first section of our statute of limitations has this provisions in it: " And all actions upon open accounts, other

" than such accounts as concern the trade of merchandize, be-
" tween merchant and merchant, their factors and servants,
" shall be commenced and sued within two years next after
" the cause of action or suit, and not after." (Hart. Dig.
Art. 2377.) We believe that this statute applies to all suits
for money, not founded on a written agreement or promise,
unless it be within the exception of between merchant and
merchant, their factors and servants, concerning the trade of
merchandize; that it is not limited in its application, to an
open account for goods sold, or for anything sold. That is
believed to be manifest, from the fact of open accounts for
goods or other articles sold, being expressly provided for in
Art. 2379 and 2380. We believe, therefore, that any open,
unliquidated claim for money comes within the statute.

It would seem that if it were admitted that a mistake would
prevent our statute from commencing to run, in any case, it
ought not to be so held in a case like the present. The judgment
was a matter of record. Why the plaintiff did not seek to
have it satisfied, for almost four years, is out of the ordinary
course of business; and had he sought, to have it satisfied,
from that time he certainly must have known of any deficiency
in the amount. The judgment had been rendered in 1843,
and he had become the owner of it in January, 1846. Can
he expect to gain credence, when he says that he did not find
it out until 1849, although he knew that it had been rendered
at the Spring Term, 1843. The facts, set out in his petition,
contradict his assertion, that he did not know it, or by ordin-
ary attention to his interest, he could not have discovered it
long before the time he alleges he made the discovery. This
negligence and long delay would have denied to him any ad-
vantage, from his alleged ignorance of the mistake, on the
principles of equity. The defence could never be set up at
law, against the statute. This is sufficient to dispose of this
case.

But, for myself, I would go further, and doubt whether mis-
take or even fraud, would take a case out of our statute of

limitations. I can readily see why it would, from the English statute, and from the statutes of most of the States of our Union; but to my judgment, our statute will not permit such exceptions. The statute of James applies expressly to actions at law. It limits the time within which certain actions at law, particularly designating them, shall be brought; but does not, either expressly or by necessary implication, include suits in Chancery. Hence, it has therefore been correctly held, that it does not apply to Courts of Equity; and Courts of Chancery never regard the statute as obligatory, but only, in general, adopt it by analogy to the Common Law jurisdiction, as a reasonable time, to prevent the prosecution of stale demands and put an end to litigation. They are, however, not bound by it; and they may well say, that in clear cases of fraud and mistake, they will not adopt it, if relief is speedily sought, after the discovery of the fraud or mistake. This they clearly have a right to do, because the statute does not extend to suits in equity. But no distinction of actions is known to our system of jurisprudence; nor any between law and equity; and our statute makes no distinction. Where there is a distinction between law and equity, in the prosecution of rights, the former is called an action and the latter a suit. Our statute of limitations is express in limiting the time within which an " action or suit " shall be " commenced or sued." I therefore believe, that until an exception shall be made by legislation, taking mistake and fraud out of the statute, I am not authorized to make the exception.

There is, indeed, much reason, why such exception should not be made. It will be admitted by all, that the allegation of mistake or fraud will require the support of evidence to establish it, as any other fact, and may be rebutted and explained in like manner, by proof; and it cannot be doubted that time, in its destructive march, may and will be just as likely to sweep away in its course, all such evidence, as readily as that of any other facts. The judgment of the Court below is affirmed.

Judgment affirmed.