# The Lehigh Coal and Navigation Company, Appellant, *v.* William M. Blakeslee.

*Guaranty—Forgery—Statute of limitations.*

Where a person in good faith guarantees a signature, which is in fact a forgery, the implied promise of the guarantor is broken when it is made, the right of action accrues immediately, and the statute of limitation runs from the date of the guaranty.

Argued March 25, 1898. Appeal, No. 26, Jan. T., 1898, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1897, No. 43, discharging rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., WILLIAMS, MC-COLLUM, DEAN and FELL, JJ. Affirmed.

Assumpsit upon a guaranty.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of ARNOLD, P. J., which was as follows:

On September 10, 1890, the defendant, while acting as broker for John R. Baker, Jr., who was then in good repute, was requested by Mr. Baker to guarantee the signature of his grandmother, Elizabeth Baker, to an irrevocable power of attorney to transfer fifty shares of the stock of the Lehigh Coal and Navigation Company, the plaintiff in this suit, on the assurance by John R. Baker, Jr., that he saw his grandmother sign her name to said power. Baker also signed the power as a witness. Believing the signature to be genuine, the defendant wrote under the name of Elizabeth Baker, " Signature guaranteed, W. M. Blakeslee." A transfer of said shares was made to John R. Baker, Jr., on November 6, 1890. Shortly thereafter, that is, about November 25, 1890, John R. Baker, Jr., fled from this country, and it was then discovered that he had forged the signature of his grandmother and father to many papers, both as to their individual property and as executors of the will of his grandfather, Charles H. Baker. Verbal notice of this particular forgery was given to the plaintiff and defendant in this suit in February, 1891, and demand in writing for a new certificate was made upon the plaintiff on June 27, 1892. Nothing further was done until July 6, 1896, when the administrator of Mrs. Baker commenced an action against the Lehigh Coal and Navigation Company to recover damages for the transfer of said fifty shares of stock, and the company, being unable to make defense, paid, on November 5, 1897, the administrator of Mrs. Baker's estate $1,887.35, in settlement of the claim against the company; whereupon on November 9, 1897, this suit was brought. The defendant in his affidavit of defense interposes the statute of limitations, and the question is, whether the statute is a good defense.

Diligent search by the counsel for both parties, as well as myself, has not been rewarded by finding any case exactly like it upon the facts, so that we are without authority on the question. The plaintiff relies on the analogies furnished in actions on warranties of title in deeds of conveyance, on which the decisions are that no action can be maintained on a warranty until actual eviction under a superior title, as was held in Knepper v. Kurtz, 58 Pa. 480. But warranties are contained in deeds, which are writings sealed and delivered, and the statute of limitations does not apply to actions on sealed instru-

ments.  All that the cases on warranties decide is that there is no breach until eviction, and, therefore, no right to sue until eviction, so that we cannot get any aid from cases of that kind. Nor do actions between creditors of a principal and his surety, or by creditors against partners, throw any light on the subject. Here the defendant is a mere voluntary guarantor.    When does the statute begin to run against a guaranty—from its date or from the creation of a debt or obligation by giving credit or acting under the guaranty?    The nearest case we can find on this subject is Meade v. McDowell, 5 Binney, 195, in which it was held that if A guarantees to B the performance of any contract he may make with C, and six years elapse after a contract is made between B and C, and before the beginning of the suit against A on his guaranty, the statute of limitations is a good defense to the suit.    There are several reasons for this.    The guaranty is not under seal, and there is no element of fraud in the case.    This last reason is important, for when a party does so positive an act as to satisfy a mortgage by mistake, not involving fraud, the statute of limitations is a complete bar: Binney v. Brown, 116 Pa. 169.    Likewise is it in an action on a false certificate of search by a recorder of deeds: Owen v. Western Saving Fund, 97 Pa. 47; Ashton v. Walton, 10 W. N. 452. There is no distinction between torts arising from contract (if we consider a guaranty in mistake to be a tort) and those which arise from official misconduct.    " What was the cause of action, and when did it arise ? " said GORDON, J., in Owen v. The Saving Fund.    " Undoubtedly the cause of action was the issuing of the false certificate, and the right of action was accrued to the party purchasing it just as soon as he parted with his money on the faith of it. . . . The commencement of the limitation is cotemporaneous with the origin of the cause of action."    A guaranty of the genuineness of a signature which turns out to be a forgery is a false certificate, and, when given in mistake, not involving fraud, there is nothing to take it out of the statute of limitations.

In Howell v. Young, 5 Barn. & Cress. 259, which was an action against an attorney employed to ascertain whether a mortgage was a good security (that is, sufficient to secure a loan) for a loss which occurred by reason of the security being insufficient, it was held that an action may be commenced at once,

although there has been no special damage, because special damage is a result and not a cause of action. " There is not," said BAILEY, J., " any substantial distinction between an action of assumpsit founded upon a promise, which the law implies, that a party will do that which he is legally liable to perform, and an action on the case, which is founded expressly upon a breach of duty. Whatever be the form of action, the breach of duty is substantially the cause of action. That being so, the cause of action accrued at the time when the defendant took the bad and insufficient security. That was more than six years before the commencement of the action, which is consequently barred by the statute of limitations." The case of Moore v. Juvenal, 92 Pa. 484, an action against an attorney for failure to institute a suit until the cause of action was barred by the statute, is to the same effect. In Short v. McCarthy, 3 Barn. & Ald. 626, the action was for damages caused by the omission or neglect of an attorney to make the search he was employed to make, and it was held that the statute barred an action brought more than six years after the omission, although it was not discovered within that time. It was said by DALLAS, C. J., in Brown v. Howard, 2 Brod. & Bing. 73, that a promise to obtain a good and sufficient security for money does not amount to a warranty. If a bank pays a check to a person presenting it with a forged indorsement of the payee's name, both parties supposing the indorsement to be genuine, the right of action to recover back the money accrues at the date of the payment, and the statute of limitations begins to run from that date: Leather Manufacturers' Bank v. Merchants' National Bank, 128 U. S. 26. · All the cases the other way were cited and overruled in that case. In Koch v. Melhorn, 25 Pa. 89, it was decided that when a note is transferred by a debtor to his creditor in payment of a debt, with a guaranty that it is as good as gold and will be paid when due, and it proves worthless, the contract is broken as soon as made, and the creditor is under no obligation to pursue the maker of the note. He may sue at once, and consequently the statute begins to run at once.

In the present case the defendant guaranteed the signature of Elizabeth Baker to be genuine. Upon that guarantee a promise is implied upon the part of the guarantor to be responsible to any party purchasing the certificate and power or making a

transfer of it.   This implied promise was broken when it was made.   The right of action accrued at once, and, consequently, the statute began to run at the same time.   As certificates and powers, as they are called, are often traded in and kept in circulation a long time before a transfer is made, we decide that the statute of limitations in cases like this begins to run at the date of the voluntary guarantee.

Rule discharged.

*Error assigned* was the order of the court.

*R. C. Dale,* with him *Samuel Dickson,* for appellant.—The contract of guaranty is peculiar.   Unlike that of an ordinary surety, it is collateral and secondary.   The creditor must resort in the first instance to the debtor, and the guarantor is liable only after the debtor has proved insolvent, and the creditor has used due diligence to obtain payment from him unsuccessfully : Hoffman v. Bechtel, 52 Pa. 190 ; Reigart v. White, 52 Pa. 438 ; Kramph v. Hatz, 52 Pa. 525.

Where one agrees to pay the debt of another the statute begins to run from the payment, and not from the agreement : Legare v. Fraser, 4 Strob. Law (S. C.), 377 ; Moore v. Caldwell, 8 Rich. Eq. (S. C.) 22 ; Stewart v. West, 14 Pa. 336 ; Knepper v. Kurtz, 58 Pa. 480 ; Paul v. Witman, 3 W. & S. 407 ; Clarke v. McAnulty, 3 S. & R. 364 ; Stewart v. West, 14 Pa. 336 ; Dobbins v. Brown, 12 Pa. 75 ; Wilson v. Cochran, 46 Pa. 229.

*A. B. Shearer,* for appellee.—The fact of forgery existing at the time the guarantee was written, and the plaintiff acted in the faith of it, constituted an immediate breach of defendant's contract of guarantee, and he became liable at once to plaintiff's action.   It was complete then, and nothing subsequent could add to its completeness, and time then began to run under the statute of limitations : Campbell v. Boggs, 48 Pa. 524 ; Owen v. Western Saving Fund, 97 Pa. 47 ; Moore v. Juvenal, 92 Pa. 484 ; Binney v. Brown, 116 Pa. 169 ; Hoffman v. Bechtel, 52 Pa. 190 ; Reigart v. White, 52 Pa. 438.

OPINION BY MR. JUSTICE McCOLLUM, January 2, 1899 :
That the question presented by the appeal was carefully con-

sidered by the learned president of the common pleas clearly appears in his opinion. It is admitted therein that a diligent effort was made by court and counsel to find a case plainly corresponding in its facts with the case at bar, and that they were unable to do so. The counsel, however, cited cases in which they claimed that. questions analogous to the question under consideration were discussed and determined. But these cases were not all alike in their facts, nor were the questions decided in them the same. The plaintiff relied upon one class of them as authority for its contention, and the defendant upon another class as furnishing a sufficient warrant for the judgment he obtained. Many cases relating to actions on warranties of title to real estate were cited by the former as establishing the familiar and well settled rule that " to sustain an action upon a covenant of general warranty an actual eviction must be averred and proved." But it seems to us that these and other cases cited as authority for the plaintiff's contention that the cause of action did not accrue until November 5, 1897, are inapplicable to the case at bar. They are certainly unlike it in their facts, and the conclusions drawn from them and contended for by the plaintiff are seemingly not adapted to it.

The cases cited by the defendant are not in their facts exactly like the case in hand, but there is a noticeable analogy between them and the latter. A brief reference to a few of them will show their relation to and bearing upon the present issue. It was held in Mead v. McDowell, 5 Binney, 195, that if A guarantees to B the performance of any contract he may make with C, and six years elapse after the contract between B and C and before the bringing of any suit against A upon his guaranty, no acknowledgment of C subsequent to the contract can take the case out of the statute of limitations as to A. The statute runs from the making of the contract, and as no suit was brought upon the guaranty within six years from that time, it was a bar to a subsequent suit. In Owen v. Western Saving Fund, 97 Pa. 47, it was held (1) that in an action upon the case against a recorder of deeds for damages suffered by reason of a false certificate of search given by the recorder to the plaintiff, in the absence of fraud, the statute of limitations begins to run from the time when the search was given and not from the development of the damage. (2) It is immaterial that the party who

received and paid for the search had no knowledge of its falsity or cause for inquiry until more than six years after it was given. The cause of action, within the meaning of the statute of limitations, was the issuing of the false certificate. The right of action accrued to the plaintiff as soon as it parted with its money on the faith of it, and from that period the statute began to run. (3) With reference to the statute of limitations there is no distinction between trusts arising from contracts and those which arise from official misfeasance. In Binney's Appeal, 116 Pa. 169, a party satisfied a mortgage by mistake, in which there was no element of fraud. More than six years after the commission of the mistake the party injured by it brought suit to which the statute of limitations was held to be a bar, although he had no knowledge of the mistake until the statute had run against it. In Moore v. Juvenal, 92 Pa. 484, it was held (1) that in an action against an attorney at law for neglecting to prosecute a claim until it was barred by the statute of limitations, where there was no fraud or concealment on the part of the attorney, the plea of the bar of the statute is a good defense. (2) Where the declaration in such a case alleges a breach of duty and special consequential damages, the breach of the duty and not the consequential damage is the cause of the action, and the statute runs from the time of the former, and not from the time the special damage is revealed or becomes definite. These cases, together with the cases cited in them and in the opinion of the learned president of the court below, are believed to be applicable to the contention of the defendant in this case. It is conceded that there was no element of fraud in his guaranty of the signature, and that he made it on the representation of a party then in good repute and in whom he had entire confidence. The signature guaranteed purported to be the signature of Elizabeth Baker to an irrevocable power of attorney to transfer fifty shares of the stock of the Lehigh Coal and Navigation Company. It was, however, a forged signature. It was guaranteed by the defendant on September 10, 1890, and the stock was transferred by the company on November 6, 1890, more than seven years before this suit was brought.

It was held by the learned court below that the implied promise of the guarantor was broken when it was made, and that the right of action accrued and the statute of limitations run from

the date of the guaranty. It seems to us that this is a reasonable and just view of the case ; that it is supported by the rulings in the cases to which particular reference has been made herein, and by the rulings in the cases cited as authority for them. We therefore overrule the assignments of error.

The order discharging the rule for want of. a sufficient affidavit of defense is affirmed.