TALCOTT BROTHERS v. D. W. NOEL, Administrator of the ESTATE of J. A. NOEL, Deceased, *et al.,* Appellants.

**Municipal Corporations:** ASSESSMENT CERTIFICATES. A town council is authorized to issue an assessment certificate for a special assessment to pay for street paving, expressing the assessment as due and payable immediately, unless the owner of the property assessed shall sign an agreement endorsed thereon so as to extend the time of payment, by Code 1873, section 478, providing that a municipal corporating may by general ordinance prescribe the 1 mode in which the charge on the respective owners of real property and on such property shall be assessed and determined for the purposes therein authorized, which charge when assessed shall be payable by the owner at the time of the assessment, personally, and shall also be a lien upon the respective lots from the time of the assessment.

NOTICE OF RECORDS. A purchaser of an assessment certificate issued by a town council upon a special assessment to pay for street 2 paving is charged with notice of the records of the town disclosing the condition as to the improvement, contract and assessment 5 and of the town ordinance on the subject of such improvement providing for the issuing of the certificate, and permitting an owner liable for an assessment by an agreement, to change the time of payment as therein specified.

*Public Improvements.* The fact that a special assessment levied by a town council to pay for a street paving was not certified to the county auditor for collection by the county treasurer does not execuse a purchaser of the real property on which such assessment is a lien from failure to take notice of such assessment since 4 the certifying of the assessment to the auditor is not a duty enjoined but a right conferred, the exercise of which is discretionary under Code 1873, section 481, providing that such right is "in addition to the means provided in the three preceding sections," one of which provides that "such charge may be collected and such lien enforced by a proceeding at law or in equity either in

the name of the corporation or of any person to whom it shall have directed payment to be made."

SAME. Where an improvement was ordered made, and the assessment levied with the right in view of the city to agree with the lot owner to an extension of time of payment of the assessment certificate, it cannot be objected that the city had exhausted its authority in the premises before executing the agreement, this being a part of the entire scheme for making the improvement.

Limitation of action: WRITTEN CONTRACT. A written agreement upon the back of an assessment certificate issued for a special assessment to pay for street paving which is a plain assumption by the owner of the property of an obligation to pay and a waiver of all legal objections to the claim, in consideration of additional time, is a written contract within the meaning of Code 1873, section 2529, subdivision 5, an action upon which is not barred until ten years from the time it accrued.

Appeal: CROSS APPEAL. Findings will not be reviewed on appeal in favor of a party who has not appealed from a judgment.

REVIEW. Objection as to the admission of evidence will not be considered on appeal, where the essential facts clearly and properly appear after disregarding all evidence of doubtful character.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

TUESDAY, JANUARY 31, 1899.

PRIOR to July 15, 1889, E. H. Gillette was the owner of lot 53, in Garden Grove addition to North Des Moines. About that time the town of North Des Moines levied on said lot a special assessment to pay for street paving, under the provisions of the law therefor, and an assessment certificate issued therefor for one hundred and fifty-six dollars and fourteen cents. Gillette conveyed the lot, and other conveyances followed, so that the title rested in J. A. Noel, of whose estate the defendant J. W. Noel is administrator. Plaintiff is the owner of the assessment certificate, and this action is to recover thereon, and to enforce a lien on the lot above mentioned. The grounds and reasons urged against a recovery can be noticed in the opinion. There was a judgment and decree for plaintiff, and defendants appealed.—*Affirmed.*

*Ayres, Woodin & Ayres* for appellants.

*Geo. H. Lewis* for appellees.

Granger, J.—I.   The special assessment was levied July 15, 1889, and this action was commenced October 8, 1896, and it said that the action is barred by the statute of limitations.   Several other facts are important to settle the question.   The assessment certificate, which is made the basis of the action, is signed by the mayor and recorder of the city of Des Moines, and is dated July 16, 1889.   On the certificate is an agreement, signed by E. H. Gillette, as follows: "Agreement.   I, E. H. Gillette, do hereby elect to pay the amount of the within certificate in seven equal annual installments, as therein provided.   And in consideration of the holder of said certificate forbearing to demand and enforce the first payment prior to the fifteenth day of July, 1889, and each subsequent payment prior to the corresponding date in each annual and successive year, according to the provisions of said certificate, I agree and do hereby waive all objections of irregularity or illegality as to said assessments, or the ordinances or resolutions under which said improvements were ordered to be made, and the contract therefor executed.   And I agree that I will pay the said assessment, and the interest thereon, as provided in said certificate, and the coupons thereto attached.   E. H. Gillette."   By an ordinance of the town of North Des Moines it was provided that any owner liable for such assessments could, by such an agreement, change the time of payment as specified in the agreement.   It will be seen that there is a positive undertaking to pay the assessment and interest, and the agreement is made a part of the assessment certificate.   The question is whether the action is on a written contract, so as to come within the provisions of subdivision 5 of section 2529 of the Code of 1873, so that the action is not barred until ten years from the time it accrued.   The agreement, which is made a part of the certificate, is in writing, and is a plain assumption of an obligation to pay, and, in consideration of additional time,

is a waiver of all legal objections to the claim. We are without doubt that it is a contract in writing, so that the action is not barred until ten years from the time it accrued. It is thought there is no law authorizing the town council to issue such certificate. We need say no more than that there is no express law against it, and Gillette voluntarily made it a part of his contract of payment, which he undoubtedly had a right to do. The certificate is one of recitals, by the mayor and recorder, of the proceedings of the council, the contract, the performance thereof, and of the levy of the assessment, as the facts otherwise appeared; and expressed the assessment as due and payable immediately, as the law required, unless Gillette should sign the agreement indorsed thereon so as to extend the time of payment. The authority for all of this is prescribed in the ordinances of the then town of North Des Moines, now a part of the city of Des Moines. The following is a part of section 478, Code 1873: "Each municipal corporation may, by a general ordinance, prescribe the mode in which the charge on the respective owners of lots or lands, and on the lots or lands, shall be assessed and determined for the purposes authorized by this chapter; such charge, when assessed, shall be payable by the owner or owners at the time of the assessment personally, and shall also be a lien upon the respective lots or parcels of land from the time of the assessment." The certificate seems to be a part of the mode of making the charge on the lots or lands effective, and is within the provisions of the section quoted. It is undoubtedly true that cities exercise only such powers as are expressly granted, and such implied ones as are necessary to make available the powers conferred. The power to make the improvements and assess the costs to the abutting lots or lands is expressly conferred. Code 1873, section 466. The mode of assessment, and how the obligation created thereby shall be evidenced, is incidental to the powers expressly granted. It is said that these defendants ought not to be bound by what Gil-

lette has done in the way of extending the time of payment, as they had no notice thereof, and took by warranty deed. The records of the town of North Des Moines disclosed the condition as to the improvement contract and assessment, of which notice must be taken. The ordinance of the town on the subject of such improvement provided for the issuing of the certificate, and the agreement that was made, so that a purchaser was put upon inquiry to know how the lots were affected. It is thought that the town council had exercised all the powers granted, such as ordering the improvement, making the contract, accepting the work, and levying the assessment, before Gillette made the agreement by which the time of payment was extended. Only in a sense is that true. It is true that the agreement was not made until all of these things were done, nor could it well be before; but during all these proceedings the law of the corporation provided the right so to do, and all was done with that right in view, so that its exercise was a part of the entire scheme for making the improvement.

II. The assessment in question was never certified to the county auditor for collection by the county treasurer, as other taxes, and it is urged that, because of this, defendants were not required to take notice of the assessment. There is no requirement that it shall be certified up. The right is given to do so by Code 1873, section 481. The section expressly provides that such right is "in addition to the means provided in the three preceding sections," and one of such sections expressly authorizes this proceeding in these words: "Such charge may be collected and such lien enforced by a proceeding at law or in equity, either in the name of the corporation or of any person to whom it shall have directed payment to be made." The certifying of the assessment to the auditor is not a duty enjoined, but a right conferred, and its exercise is discretionary. The general rule as to carrying forward taxes from year to year has no application before they are certified up, so as to come within the

general rule for the collection of taxes; hence the cases of
*Cummings v. Easton,* 46 Iowa, 183; *Jiska v. Ringgold
County,* 57 Iowa, 630, and other cases, are without application.

It is said there should be some way that a person desiring
to purchase such property can with reasonable certainty know
the liens thereon, and we think there is a way. The records
of the corporation in which the property is situated
would have given all needful information, and as
fully so as would the county records had the assessment been certified up for collection.

The query is suggested, in argument, whether a person
purchasing such a lot must take notice of the records of the
city or town. That they are so required we do not think open
to serious question. See 1 Dillon Municipal Corporations,
sections 354-356; *Gosselink v. Campbell,* 4 Iowa, 296. See,
also, 17 Am. & Eng. Enc. Law, 254. It appears that inquiries were made of the auditor and treasurer of Polk county
as to assessments on the lot in question, and they stated that
there were none. We need add nothing to what we have said
as to the question of notice. Their statements were that none
appeared of record in their offices, and it is true that none did.
Their statements in no way affected the situation.

There is some complaint as to the admission of evidence
that we need not consider separately. The essential
facts clearly and properly appear, after disregarding
all evidence of a doubtful character.

It seems that the court held that certain coupons on the
certificate were barred by the statute of limitations, and
plaintiff thinks there should be a reversal as to such
holding. We nowhere find any showing of an appeal
by plaintiff, and, without an appeal, we can not reverse
in its favor. The judgment will be AFFIRMED.