FIRST NATIONAL BANK OF ELLIOTT, Appellee, v. TOWN OF ELLIOTT, Appellant.

No. 40579.

DECEMBER 9, 1930.

*Genung & Genung* and *Ira Paschal,* for appellant.

*Clifford Powell,* for appellee.

ALBERT, J.—The defendant town was engaged in the construction of street improvements, and on the 12th day of August, 1921, caused to be issued 204 bonds, numbered consecutively from 1 to 204, inclusive. All of these bonds have been paid except the last four in number, 201-204, inclusive. Plaintiff is the owner of bond No. 204, which, with the interest, remains unpaid. The case is submitted on a brief statement of facts, from which we glean the following:

These bonds were to be paid from a special fund, to be raised by a special assessment levied upon abutting, adjacent, and benefited property in said town. Assessments were made by the city

and certified to the proper officers of Montgomery County. Collections were made thereunder by the county treasurer, and the proceeds delivered to the town of Elliott. The bonds bore 6 per cent interest per annum, and were payable May 11, 1927. All of the bonds bearing a number under 201, together with the interest thereon, had been paid in full, and the interest coupons attached to the bond in suit were paid up to and including May 1, 1928. The assessment on two properties, assessed in the aggregate of $312.31, was never collected, and the properties were sold at scavenger sale for $53.90. The special fund created by said assessment for the payment of street improvement bonds was exhausted on May 1, 1928, with the exception of $18.29, and there is no fund on hand out of which said bonds are payable. A copy of the bond is set out in the record.

It is further agreed that all sums paid into this special fund created for the payment of said bonds have been applied on the payment of the principal and interest of said bonds, with the exception of the $18.29 hereinbefore referred to. To sum it up, the fund realized from this special assessment for the payment of these bonds was wholly exhausted, leaving these four bonds unpaid.

We had this question before us in the case of *Hauge v. City of Des Moines*, 207 Iowa 1209. The bond in the case at bar is identical with the bond in that case. As in that case, the bond in the instant case, among other things, recites:

"And it is hereby certified and recited that all acts, conditions and things required to be done precedent to and in the issuing of this series of bonds have been done, happened and performed in regular and due form as required by law and resolution; and for the assessment, collection and payment hereon of said special tax, the full faith and diligence of said city of Des Moines are irrevocably pledged."

In the *Hauge* case we said:

"It is the evident import of the various statutes governing this matter that the city council shall levy such an amount as is necessary to the payment of the bonds and interest thereon at the time of maturity. This must be so, because the very purpose of the whole proceedings is that the contractor shall be fully compensated for the work he did, and if payment is deferred, he

should, of course, have interest thereon; and, even aside from the recital of the bond, we think there is an implied obligation on the part of the city, under these statutes, to levy a sufficient amount to pay, not only the bonds themselves, but the interest thereon as it accrues; and if it fails to do so, it has breached the obligations of its bond, and becomes liable therefor, under our prior pronouncements in the following cases: [Citing cases.] The city is bound by the recitals in the bond, and if they be false or fraudulent, the city must be the loser, and not the bond-holder. [Citing authorities.] This is especially true in a case like the one at bar, where the bond is payable out of a certain fund to be raised by taxation on the property benefited. Were it not so, the city could perpetrate fraud on all purchasers of bonds by reciting therein that all of the requirements of the law had been complied with, and thus escape payment of any kind.''

Nothing further can be added to what was said in the *Hauge* case, as this question is conclusively ruled by that case.

Appellant, however, insists that, by reason of Section 847, Code, 1897, it should be excused from payment. This section in part reads as follows:

''Such street improvement and sewer certificates, bonds and coupons shall be payable out of funds derived from the special taxes and interest thereon pledged to the payment of the same, and such certificates or bonds shall not be delivered in excess of the special taxes levied.''

The right to make this contention does not lie with the defendant, because of the fact that it certified, as a part of its bonds, that ''all acts, conditions and things required to be done precedent to and in the issuing of this series of bonds have been done * * * as required by law * * *.'' The town having thus made this certificate a part of the bond, the purchaser had a right to believe, rely, and act thereon, and it does not now lie with the defendant to assert the contrary.

These are all of the questions discussed, and we find no error in the record.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.