STOCKHOLDERS INVESTMENT COMPANY, Appellant, v. TOWN OF BROOKLYN, Appellee.

No. 41382.

694

FEBRUARY 14, 1933.

REHEARING DENIED JUNE 23, 1933.

Kelly, Shuttleworth & McManus, and Reed & Reed, for appellant.

Talbott & Talbott, for appellee.

ANDERSON, J.—On the 7th day of February, 1931, the action was commenced by the service of an original notice, and on the 13th day of February, 1931, the plaintiff filed the following petition, which we set out *in extenso:*

"The plaintiff, for cause of action against the defendant, states:
"The plaintiff is a private corporation organized and existing under and by virtue of the laws of the State of Iowa, and the defendant is a municipal corporation organized and existing under and

by virtue of the laws of the State of Iowa as an incorporated town and it is situated in Poweshiek County, Iowa.

"That on or about September 25, 1920, the defendant Town of Brooklyn, Iowa, pursuant to proper proceedings by the town council which were theretofore had, made, executed, issued and delivered certain special assessment certificates to the Wright Construction Company to defray a portion of the cost of paving and improving certain streets in the town of Brooklyn, Iowa, in accordance with a contract providing for said construction work which had been made between the Wright Construction Company and the Town of Brooklyn, Iowa, and which, on the last mentioned date, had been fully performed by the Wright Construction Company and the work accepted by the defendant Town of Brooklyn, Iowa.

"That of the special assessment certificates so issued for the purpose aforesaid on or about September 25, 1920, this plaintiff is the owner and holder of certain unpaid certificates. That attached hereto and marked Exhibit 'A' is a copy of special assessment certificate #244 of the certificates issued, as aforesaid, and the rest of said certificates, except as to number, denomination, maturities and number of interest coupons attached, are identical in form with the certificate which is attached hereto, marked Exhibit 'A' and by reference made a part hereof.

"That attached hereto and marked Exhibit 'B' and made a part hereof is a schedule showing the number of the certificates so held and owned by this plaintiff, the description of the real estate upon which the certificate is a lien, the name of the property owner, the installments past due and delinquent upon each of said certificates and the respective amount of each of said delinquent installments, exclusive of interest from the maturity of the respective installments. The plaintiff offers to permit the defendant to inspect all of the original certificates, if it desires to do so, and asks leave to refer to Exhibit 'A' which is attached hereto without being required to set out copies of each of said certificates.

"That each and all of the certificates so issued contain, among other things, the following provision:

" 'It is hereby certified and recited that all the acts, conditions and things required to be done precedent to and in the issuing of this certificate, have been done, happened and been performed in regular and due form and as required by law.'

"That after said special assessment certificates were issued and

delivered, the assessment schedules and the said special assessments were duly and regularly certified by the officers of the defendant Town of Brooklyn, Iowa, to the County Auditor and County Treasurer of Poweshiek County, Iowa, and placed upon the tax records of said county. That some of the assessments so levied were not paid as and when due and on account thereof some of the described properties against which the special assessments were levied were placed upon the delinquent tax sale list of Poweshiek County, Iowa, and advertised, published and offered for sale, and the properties described in the certificates held by the plaintiff were so advertised and offered for sale but said properties were not sold and no money was received to be applied upon said certificates from the sale of the respective properties.

"That the defendant Town of Brooklyn, Iowa, levied assessments against the private property abutting upon and adjacent to the streets paved and improved by the Wright Construction Company under the contract hereinbefore referred to, in excess of twenty-five per cent of the value of said respective properties contrary to the statutes of the State of Iowa, and by reason of said excessive levies which were in excess of twenty-five per cent of the value of the respective properties, the properties were not sold at tax sale and there was not sufficient revenue realized to pay the assessment certificates held by this plaintiff.

"That the plaintiff has demanded payment of said special assessment certificates and the interest coupons and the interest thereon but such payment has been refused because of lack of funds. That the city, in levying an assessment in excess of twenty-five per cent of the value of the properties against which the special assessment certificates held by this plaintiff were a lien, committed a breach of its statutory duty and violated the pledge contained upon the face of said certificate, which is hereinbefore referred to, and failed to perform its legal duty in connection with the levy of said assessment and the payment of said certificates.

"That the defendant Town of Brooklyn, Iowa, has never taken the necessary steps by the levy of a proper assessment, or any other legal means or statutory method, provided for, raised or created the fund to redeem, retire or pay the special assessment certificates held by this plaintiff and no fund has been raised or created by the defendant Town of Brooklyn, Iowa, which is now available for the retirement of the certificates sued on.

"That by reason of the neglect and failure of the defendant Town of Brooklyn, Iowa, to levy a legal and valid assessment against the properties described in the certificates held by the plaintiff and its failure and neglect to collect and apply all of the proceeds of the special assessments so levied and assessed against the property benefited by the street improvements, this plaintiff has been damaged in the amount represented by each of said special assessment certificates and the separate installments thereof and the interest thereon. That the total amount of said certificates, without interest, is Six Thousand Six Hundred Thirty and 79/100 Dollars, ($6,630.79) and the various installments shown in the schedule 'B' should bear interest at six per cent from the date of the respective maturities thereof.

"Wherefore, the plaintiff demands judgment against the defendant for the total amount delinquent upon said special assessment certificates with interest on each installment thereof from the date the same became due at the rate of six per cent per annum, and the costs of this action."

A copy of one of the assessment certificates involved in this case, is attached as Exhibit A to plaintiff's petition, and is in the following language:

"United States of America
"State of Iowa
"Town of Brooklyn

"No. 244 $317.03

"Assessment Certificate
"Paving Improvement

"It is hereby certified, that the Town Council of the Incorporated Town of Brooklyn, Iowa, in accordance with the law providing for the improvement of streets and alleys by paving the same, did on the 12th day of May, 1919, by Resolution ordered that paving be constructed on the following described streets or parts of said streets, to wit, South Jackson Street, Front Street, High Street, Jackson Street, Clay Street, Broadway, Mill Street, Des Moines Street, West Street, South Street, Main Street, Pleasant Street, Green Street, Third Street, Second Street and Monroe Street: that thereafter on the 5th day of June, 1919, a contract was duly entered into by and between said Incorporated Town of Brooklyn, Iowa, and the Wright Construction Company of Des Moines, Iowa, in which the said

Wright Construction Company, being the lowest bidder agreed to construct said improvement: that said improvement having been fully completed by the said Wright Construction Company was duly accepted by the Town Council of the Incorporated Town of Brooklyn, Iowa, on the 24th day of May, 1920, and the said Town Council having ascertained what portion of cost and expenses of said improvement is assessable upon private property, did on the 25th day of September, 1920, duly assess against the following described real estate: towit, Lot six (6) Block nineteen (19) Manatts 2nd Add., Brooklyn, Iowa, and Jessie Cunningham, the owner thereof liable to assessment for the cost of the same, the sum of Three Hundred Seventeen and 03/100 Dollars the same being the proportion of the cost and expenses of the said improvement assessable by law against said described property.

"That this certificate is issued by the Incorporated Town of Brooklyn, Iowa, under and by virtue of chapter 8, title V of the Code of Iowa, and amendments thereto, and the Resolution of said Town Council duly adopted on the 25th day of September, 1920, and the amount thereof is now payable with interest at the rate of 6% per annum from the date of the acceptance of said improvements: towit, the 24th day of May, 1920, at the office of the Treasurer of Poweshiek County, Iowa, unless said Jessie Cunningham, the owner of said property, signs the agreement endorsed hereon, in which event it is payable as follows: to wit,

"In seven equal installments, the first of which, with interest at the rate of 6% per annum on the whole assessment from the aforesaid date thereof, is now payable, and the other installments, with the same rate of interest on the whole amount unpaid, annually thereafter, at the same time and in the same manner as the March semi-annual payment of ordinary taxes. Upon the payment of any installment, there shall be computed and collected the installment and interest on the whole assessment remaining unpaid up to the 1st day of April following.

"It is hereby certified and recited that all the acts, conditions and things required to be done precedent to and in the issuing of this certificate, have been done, happened and been performed in regular and due form and as required by law.

"And the Incorporated Town of Brooklyn, Iowa hereby transfers to the said Wright Construction Company, or assigns all right and interest of the said Town in and to the assessments herein de-

scribed, and the holder hereof is authorized to collect and receive said assessment by or through any of the methods provided by law for its collection as the same matures.

"In witness whereof, the Incorporated Town of Brooklyn, Iowa, by its Town Council has caused this certificate to be signed by its Mayor and countersigned by its Town Clerk with the seal of said Town affixed as of the 25th day of September, 1920.

"Wm. Montgomery, Mayor.

"Attest: John E. Talbott, Town Clerk."

"No. 1 Installment Coupon No.........

"The owner of the property described in assessment certificate No..........., having signed the waiver on the back thereof, provided for in section 825 of the Supplement of the Code of Iowa, and having agreed to pay the assessment mentioned in said certificate, the holder of this coupon is entitled to receive the sum of $.......... being the installment of said assessment, together with interest at the rate of 6% per annum upon the whole unpaid amount of said certificate, as provided by law and by said certificate.

"This coupon must be surrendered to the Treasurer of Poweshiek County, Iowa, before payment of said installment to the holder hereof.

"_____Mayor

"Countersigned: _____Town Clerk.

"Waiver

"Brooklyn, Iowa, September 25, 1920.

"In consideration of having the right to pay the assessment mentioned in the within certificate in seven installments as provided by law, I hereby agree that I will not make any objection of illegality or of irregularity as to the said assessment, and that I will pay the same with interest thereon at the rate of 6% per annum from the date of the acceptance of said improvement in the manner provided by section 825 et seq. of the Code of Iowa and amendments thereto.

"Jessie Cunningham."

There is also attached to plaintiff's petition as Exhibit B, a list of some twenty-six paving certificates with the numbers and amounts thereof, the description of the real estate, and the names of the various owners thereof. The aggregate amount of the installments thereof due and unpaid with interest is claimed by the plaintiff to be

$6,630.79, and plaintiff claims to have been damaged in that amount by reason of the neglect and failure of the defendant town in the particulars alleged in its petition, and asks judgment for such amount, with interest and costs.

To the foregoing petition the defendant, Town of Brooklyn, filed its demurrer, which was as follows:

1. The petition of plaintiff shows upon its face that the cause of action of plaintiff, if any, is barred by the statute of limitations.

2. The facts stated in plaintiff's petition do not entitle the plaintiff to the relief demanded, nor to any relief for the following reasons:

a. Said petition fails to show the special assessments or certificates referred to in plaintiff's petition to be illegal or invalid.

b. Fails to show any contract or statutory obligation upon defendant to collect and pay over to the certificate holder said special assessment.

c. Fails to show failure of defendant to perform any duty or obligation owing by defendant to plaintiff which can be a ground for the recovery of damages.

d. Fails to allege any facts upon which recovery of damages may be based or showing that plaintiff has been damaged by defendant.

e. Shows that the certificates referred to in plaintiff's petition were issued in pursuance of proper proceedings and that the question of the extent of benefits and the amount properly and lawfully assessable against the property described in said certificates has been determined and settled by the tribunal provided by law for that purpose and that plaintiff is the assignee of a party to such proceeding and is bound thereby.

On the 13th day of May, 1931, the demurrer, having been submitted to the court, was sustained, and the plaintiff electing to stand on its petition, judgment was rendered against plaintiff, dismissing its petition, and for costs, from which ruling this appeal was taken.

The appellant bases its right to reversal on: (1) That its action is not barred by the statute of limitations; (2) that the defendant town is liable to the plaintiff because sufficient funds were not realized to retire the special assessment certificates held by plaintiff, due to some failure or neglect, or breach of statutory duty upon the part of the defendant town.

Appellant's first five brief points are directed to the first of the above propositions, and the last or sixth brief point is directed to the second of the above propositions.

 The first contention made by appellant is that the statute of limitations has no application until the town has pleaded and proved that it provided or created a special fund for the payment of the certificates involved, and that, by its demurrer, it admits that no such fund has been provided.

The appellant cites a great many authorities which, it claims, sustain this contention, but so far as we have been able to discover, all of the cases cited involved actions upon some form of a direct obligation of the city, or other defendant, to pay, as in the case of a warrant drawn upon a particular fund, or a bond issued against some particular or special fund. Such was the holding in Lincoln County v. Luning, 133 U. S. 529, 10 S. Ct. 363, 364, 33 L. Ed. 766, which was an action on county bonds, in which the Supreme Court uses this language:

"And, when payment is provided for out of a particular fund to be created by the act of the debtor, he cannot plead the statute of limitations until he shows that that fund has been provided."

To the same effect was the holding in Wetmore v. Monona County, 73 Iowa 88, 34 N. W. 751, which was an action upon a county warrant, made payable out of a "swamp land fund" which never existed.

To the same effect was the holding in Board of Com'rs of Greer County v. Clarke, 12 Okl. 197, 70 P. 206, 208, Hubbell v. South Hutchinson, 64 Kan. 645, 68 P. 52, and a long line of cases which we will not extend this opinion to include. But we deem it sufficient to say that such is the general rule and practically the unanimous holding.

 Appellant's second contention is that in issuing special assessment certificates and undertaking to levy, collect, and apply the proceeds of a special assessment to the payment thereof, it constitutes itself a trustee for the certificate holder, and that the town of Brooklyn, in the instant case, by its acts as detailed in plaintiff's petition, became a trustee of the certificate holder "charged with the duty of properly levying, collecting and distributing the special assessments." And that the statute of limitations does not apply as

between *cestui que* trust and the trustee until there has been a violation or repudiation of the trust.

In support of this contention, the appellant cites a great many cases, among which are Hauge v. City of Des Moines, 207 Iowa 1209, 224 N. W. 520; Elliott First National Bank v. Town of Elliott, 211 Iowa 341, 233 N. W. 712; New Orleans v. Warner, 175 U. S. 120, 20 S. Ct. 44, 44 L. Ed. 96. Neither of the two cited Iowa cases is authority for a holding that under the circumstances in the instant cases, the town became a trustee for the certificate holder, and we have been unable to find any Iowa authority supporting such contention.

In the New Orleans v. Warner case, supra, the Supreme Court did hold that the defendant town was a trustee for holders of certain warrants payable out of a special fund. But in that case the defendant town had contracted to create such fund, and to pay the warrants in suit out of such special particular fund, and had failed to do so. The Supreme Court held that the statute of limitations did not commence to run under such circumstances until there had been a distinct repudiation of the trust by the trustee.

The rule, as announced in the last cited case, seems to be general, when the facts and circumstances disclose conditions existing as in that case, but in the case at bar the defendant town assumed no such obligations, and none such were imposed upon it by the statutes. In appellant's petition it is alleged that the town "pursuant to proper proceedings" issued and delivered the special certificates involved. Such statement implies that all acts and things necessary and required of the said town had been legally performed by it up to that point. The petition further alleges that by reason of plaintiff's "failure and neglect to collect and apply all the proceeds of the special assessments so levied and assessed against the property benefited by the street improvements, this plaintiff has been damaged etc." There is no duty imposed on the defendant town, either by any contract or by any statute, "to collect and apply" the proceeds of the special assessments to the payment of the certificates issued, and this fact distinguishes the case at bar from the cases cited by appellant in support of the proposition that a trust existed, and that the statute of limitations did not commence to run until there was a violation or repudiation of such trust.

The appellant's next contention is that the statute of limitations did not commence to run until the last installment of the certificates

was due, and many cases are cited to support such contention. We will only notice a few of them. Peoples Trust & Savings Bank v. Hennessey (Ind. App.) 149 N. E. 365, was a suit by a certificate holder against the property owner to foreclose the lien created by the special assessment levy. The certificate was payable in ten annual installments, none of which were paid when due, and the action was not commenced until the last installment was in default. The property owner had signed a waiver attached to the certificate providing for payment in ten installments. It will be noticed that this action was upon a contract between the certificate holder and the property owner, and under such facts the court held that the statute of limitations did not commence to run until the last installment was due. Such was also the holding in Hennessey v. Breed et al., 92 Ind. App. 165, 176 N. E. 251, both of which cases were from the Appellate Court of Indiana, and we find like holdings in Ruecking Const. Co. v. Withnell, 269 Mo. 546, 191 S. W. 685. The question now under consideration was before this court in Talcott Bros. v. Noel, 107 Iowa 470, 78 N. W. 39, 40, a case brought upon a special assessment certificate, which bore an indorsement of the property owner agreeing to pay the assessments in which this court, speaking through Judge Granger, used the following language:

"The agreement, which is made a part of the certificate, is in writing, and is a plain assumption of an obligation to pay * * * "

And this court held that such indorsement or agreement was a waiver of all legal objections to the certificate, and that action thereon was not barred until ten years from the maturity of the last installment.

The cited cases furnish no support for the contention of appellant. Appellant's action is not based upon the certificates of special assessment, but upon the "failure and neglect" of the town "to collect and apply all the proceeds of the special assessments", or upon "the neglect and failure of the defendant Town of Brooklyn, Iowa, to levy a legal and valid assessment against the properties described in the certificates". And the plaintiff contends that there was a breach of the defendant's duty "to levy a legal and valid assessment" and also a breach of an alleged contract by the defendant town so to do, which alleged contract is endorsed upon the special certificates involved, and is as follows:

"It is hereby certified and recited that all the acts, conditions and things required to be done precedent to and in the issuing of this certificate, have been done, happened, and been performed in regular and due form and as required by law."

There is no duty imposed upon the town by statute or by any contract or certificate "to collect and apply the proceeds of the special assessments" to the payment of the special assessment certificates. Under the statute the duty to collect and apply the proceeds of the special assessments to the payment of the certificates is upon the county treasurer, and no duty in that regard can be laid upon the town issuing the certificates, and the town cannot be held liable on account of its failure and neglect to perform some duty, which the law or contract does not impose upon it. Indeed the town had no authority or right to collect the special assessments. Neither did it have any authority or right, when and if they were collected by the county treasurer, to receive the money and apply it to the payment of the certificates in question. It follows that there is no liability on the part of the town for any failure or neglect in this regard.

If the town neglected and failed to levy a legal and valid assessment, and thus violated the law as well as the provisions and representations contained in its certificate above quoted, and which is indorsed upon the certificates, then it became liable immediately upon the issuance and delivery of the certificates, and the statute of limitations would commence to run from that date. We find in appellant's reply brief and argument, the following language:

"Appellee's counsel assumes that the petition of appellant is based upon the special assessment certificates, whereas the cause of action stated by appellant is based upon the breach of a statutory duty on the part of the city."

If such breach occurred, it was on the date when the certificates were issued and delivered. The certificates were dated September 25, 1920, and this action was commenced February 7, 1931, more than ten years after the alleged breach occurred, and would be barred by the statute of limitations, and as authority for this holding are the following citations: Russell v. Polk County Abstract Co., 87 Iowa 233, 54 N. W. 212, 43 Am. St. Rep. 381; Mahrt v. Mann, 203 Iowa 880, 210 N. W. 566; Jefferson County v. Railway

Co., 66 Iowa 385, 16 N. W. 561, 23 N. W. 899; Lewis v. Houston, 11 Tex. 642; Lehigh Coal Co. v. Blakeslee, 189 Pa. 13, 41 A. 992, 69 Am. St. Rep. 788; 37 Corpus Juris 815-836.

■ Appellant's last contention is that a municipal corporation in Iowa is liable to the holder of special assessment certificates in the event sufficient funds are not realized on account of the levy of said special assessments to retire the certificates at maturity.

This is the first time, so far as we have been able to discover, that this question has been presented to this court. Plaintiff raises this contention in its petition in the following language:

"That the defendant Town of Brooklyn, Iowa, has never taken the necessary steps by the levy of a proper assessment, or by any other legal means or statutory method, provided for, raised or created the fund to redeem, retire or pay the special assessment certificates held by this plaintiff, and no fund has been raised or created by the defendant Town of Brooklyn, Iowa, which is now available for the retirement of the certificate sued on."

The appellant contends that the defendant town levied excessive assessments, that is assessments in excess of 25 per cent of the value of the property, and by reason of such excessive levies, the property owners did not pay, and the property did not sell at tax sale; and that the defendant town made no effort or provision to raise or create a fund out of which said certificates might be paid.

The appellant cites a great many cases in support of this contention. We will refer to a few of them. Hauge v. City of Des Moines, 207 Iowa 1209, 224 N. W. 520, 523. This was an action upon improvement bonds, and the complaint was that the assessments levied did not produce sufficient funds to pay the principal and interest upon the series of bonds so issued. In that case the assessments levied were substantially reduced through an appeal to the court, and it developed that the assessments held valid were not sufficient in amount to meet the bond maturities with interest. It also appears that certain property owners had failed to pay their assessments; that the county treasurer had failed to collect the same by tax sale; and that "the city has failed to exercise its statutory power in making such collections, and breached its pledge of good faith and diligence to that end." In that case the city pledged itself for the "collection" of the special tax, and this court held that the power to enforce the collection of such taxes was conferred upon

the city by statute, and that the lien upon the property is in favor of the city, and further held that the fact that the taxes were not paid by the property owners and were not collected by the county treasurer, did "not excuse the city for a failure to perform its pledge to use its best efforts, under the statute, to collect the same for the benefit of the bondholders. * * * Having failed so to do, it has not complied with its pledge of full diligence in the collection of said tax." This court held the city liable, not only for its failure to levy sufficient special assessments to meet the bonds as they matured,· but on the account of its negligence and failure to use all "powers given to it by statute to collect with due diligence unpaid taxes due under this special assessment."

In Ballard-Hassett Company v. Des Moines, 207 Iowa 1351, 244 N. W. 793, 799, the Hauge case was cited with approval. In the Ballard-Hassett case, which was an action by the holder of an improvement bond to enjoin the city from calling or paying the bond before its date, this court held that by reason of the facts in that case the bond could be called and paid before its maturity. This court also held that the issuance of improvement bonds does not create an indebtedness of the city, within the meaning of the constitutional limitation.

"The reason for the holding * * * is that there is no promise or agreement, either express or implied, on the part of the defendant city to pay the bond, except out of the special assessment fund provided for that purpose."

And referring to the Hauge case, the court held that the city might become liable upon such a bond if it wrongfully fails to perform its duty and its pledge pertaining to the "collection of the special tax by which the special fund is to be created. * * * But this is because of some wrong committed or duty omitted by the city, and plaintiff's cause of action in such cases is for damages against the city, because thereof." So in this case, the plaintiff's cause of action, if any, is for "damages" and not upon the improvement certificates, and such cause of action, if any, arose when the city breached its statutory duty in levying the assessment, or its contract duty, or pledge as contained in its certificate indorsed upon the special assessment certificates.

In the Talcott Bros. v. Noel case, 107 Iowa 470, there was a positive undertaking on the part of the city to pay the assessment

and interest, and such agreement was made a part of the assessment certificate. Such condition does not exist in the case at bar.

In the case of Fort Dodge Elec. Co. v. City of Fort Dodge, 115 Iowa 568, 89 N. W. 7, the action was by a street railway company to enjoin the collection of a special assessment by reason of failure of the city to direct that the assessment should be made against the railroad company in its preliminary proceedings. The injunction was issued and sustained by this court. The city was held liable in that action on the petition of an intervener, who was a special certificate holder, for the reason that it had not levied a sufficient or legal assessment to pay the special assessment certificates.

Barber Asphalt Pav. Co. v. City of Des Moines, 191 Iowa 769, 183 N. W. 456, was an action by a contractor against the city for the cost of constructing a certain improvement, and the city was held liable because it had failed to levy assessments to the full amount of the contract price until it lost jurisdiction to do so.

The case of First National Bank of Elliott v. Town of Elliott, 211 Iowa 341, 233 N. W. 712, 713, was an action upon street improvement bonds, and the city was held liable on the authority of the Hauge case, supra, for the reason that it failed in its duty in the particulars mentioned in the Hauge case, and quoting, with approval, from the Hauge case as follows:

"It is the evident import of the various statutes governing this matter that the city council shall levy such an amount as is necessary to the payment of the bonds and interest thereon at the time of maturity. This must be so, because the very purpose of the whole proceedings is that the contractor shall be fully compensated for the work he did, and, if payment is deferred, he should, of course, have interest thereon. * *. * The city is bound by the recitals in the bond, and, if they be false or fraudulent, the city must be the loser, and not the bondholder. * * * This is especially true in a case like the one at bar, where the bond is payable out of a certain fund to be raised by taxation on the property benefited."

The distinction between the cases cited and the one at bar is easy of perception. In those cases the bonds or obligations were payable out of a special fund, which the city obligated itself to create. In the case at bar there was no such obligation. The special certificates were not payable out of a special fund. The town was not obligated, either by statute or by contract, to create any special

fund. What the town of Brooklyn was obligated to do was to institute and pursue proper proceedings in the issuance and delivery of the special certificates here involved, and according to the allegations of plaintiff's petition, it did so do. It levied proper assessments in sufficient amounts to pay the various certificates issued, and obtained the waiver of the various property owners and their separate promises to pay the assessments so levied. Appellant contends that in the particular instances involved, such assessments were in excess of 25 per cent of the value of the various properties. Significant in this regard appears the fact that the first two or three of the seven installments provided for in the certificates were paid by the property owners prior to the commencement of this action. The town pursued, legally, the only course that was open to it in fixing and determining the amount of these assessments. No other tribunal is provided to do this, and no other procedure exists by which it can be done. There is no claim of fraud or collusion made by appellant. The property owner's promise to pay is available to the plaintiff only and not to the city. The plaintiff has the right to purchase the various properties at tax sale, or in any other way enforce the lien created by the special assessment. The defendant town has no such right. We are not prepared to extend the doctrine announced in the Hauge case, and others similar, and hold that municipalities are liable upon special assessment certificates, such as are involved in the case at bar, solely upon the allegation and claim that they exceeded their authority or violated their duty in fixing and levying special assessments for streets and other improvements in greater amounts than 25 per cent of the value of the property assessed, especially where that is the only ground of attack and the only ground upon which liability is predicated, and especially when no fraud or collusion is claimed. Barber Asphalt Paving Co. v. Woodbury County, 137 Iowa 287, 114 N. W. 1044; section 829, 1897 Code; Durst v. City of Des Moines, 150 Iowa 370, 130 N. W. 168; Anderson Deering Co. v. City of Boone, 201 Iowa 1129, 205 N. W. 984; Downey v. Sioux City, 208 Iowa 1273, 227 N. W. 125.

It follows from the foregoing opinion that the ruling and judgment of the trial court was right and it is affirmed.

KINDIG, C. J., and STEVENS, MITCHELL, DONEGAN, and KINTZINGER, JJ., concur.