GODFREY DURST, Appellant, v. CITY OF DES MOINES, IOWA, GEORGE L. DOBSON, as Treasurer of Polk County, Iowa, and H. B. FRASE, as Auditor of Polk County, Iowa.

**Municipal corporations:** RESOLUTION OF NECESSITY: PUBLICATION OF
1 NOTICE. The statute requiring twenty days' notice by publication of the time for hearing objections to a resolution of necessity for the construction of a street improvement, does not require that publication of the notice shall be completed twenty days prior to the hearing, but is satisfied by a single publication twenty days prior thereto; and where it appeared, as in this case, that such notice was so published the council had jurisdiction to proceed with making the improvement.

**Same:** STREET IMPROVEMENT: RESOLUTION OF NECESSITY. The statute does not require that the resolution of necessity or the notice thereof for a street improvement shall contain specific reference to the expense of making the improvement at street intersections; and where, as in this case, the resolution provided that the .expense of making the improvement should be assessed against the abutting property and the railway companies whose tracks were located upon the street, in accordance with law, there was a sufficient showing of intention to assess the entire cost, including that of intersections, against abutting property.

**Same:** ERRONEOUS ASSESSMENT OF PROPERTY: RELIEF. The objection that an assessment exceeds the amount as limited by the statute to twenty-five percent of the actual value of the tract assessed must be made before the city council; and followed up by an appeal to the district court; as that is the method provided by law for relief in such cases. And the property owner may not ignore such remedy and bring an independent action in equity for relief from the assessment.

*Appeal from Polk District Court.*—Hon. James A. Howe, Judge.

Friday, March 10, 1911.

The plaintiff appeals from an order sustaining a demurrer to his petition.—*Affirmed.*

*Dale & Harvison,* for appellant.

*Robert O. Brennan* and *James M. Parsons,* for appellees.

Ladd, J.—Plaintiff owned the east half of lot 1 and the east half of lot 18, in Sheppard's addition to the city of Des Moines. Each of these half lots was forty-one feet, extending east and west, by sixty-seven feet north and south abutting on East Second Street. The city caused this street to be paved from Grand Avenue to Maple Street and special assessments were levied as follows:

100.5 sq. yd. abutting on east half lot 1 at $2.13..$214.07
Proportion of intersection on 67 linear feet...... 48.83
Pro rata expense .......................... 3.48

        Total ...............................$266.38

  The levy on east half lot eighteen was the same. No waiver was filed, and plaintiff alleged that these assessments were made without authority of law, in that (1) notices fixing the time for hearing of objections to the proposed resolution of necessity were not published as required by law; (2) the resolution did not specify that the cost of intersections should be assessed against abutting property, and contained no provision with reference thereto; and (3) the total assessments against the half lots amounted to $532.76, their assessed value was $1,500, and, as no other value was shown, the excess over $375 was void. The plaintiff was a resident of Woodbury County without actual knowledge of the proceedings, and in no manner participated therein. The relief sought was the vacation of the assessments, and that defendants be restrained from collecting them. The demurrer sustained was general with the· suggestion that plaintiff's remedy was by appeal.

  I. The city council fixed May 6, 1907, as the time for hearing objections to the proposed resolution of necessity, and notice thereof was published on the 5th, 6th, 19th, and 20th days of April, 1907. In other words, the publications of the notice were thirty-one, thirty, sixteen and fifteen days prior to the time of hearing, and. it is contended that this was not such service of notice as was exacted by statute in that three publications should have been made more than twenty days previous to and within twenty-eight days of the hearing. Section 810 of the Code, after defining what the proposed resolution of necessity shall contain, directs the city coun-

1. MUNICIPAL CORPORATIONS: resolution of necessity: publication of notice.

cil to "cause twenty day's notice of the time when said resolution will be considered by it for passage to be given by four publications in some newspaper of general circulation published in the city, the last of which shall be not less than two or more than four weeks prior to the time fixed for its consideration, at which time the owners of the property subject to assessment for the same may appear and make objection to the contemplated improvement or sewer and the passage of said proposed resolution at which hearing the same may be amended and passed or passed as proposed." The contention is not that the notice itself was defective, but that this statute was not so complied with, as to constitute service thereof, and that, for this reason, no jurisdiction was acquired by the city council to proceed in the matter of making the improvement. See *Reed v. City of Cedar Rapids,* 137 Iowa, 107; *Bennett v. City of Emmetsburg,* 138 Iowa, 67; *Gallaher v. Garland,* 126 Iowa, 206; *Nixon v. Burlington,* 141 Iowa, 316. There is no ground for the suggestion that all publications must be within four weeks of the time fixed for the hearing. By express provisions of the statute, the last publication might be one day less than twenty days before, and, if so, at least two publications might be but the necessary time earlier. Nor do we think the first three publications necessarily must be previous to twenty days before such time. It may be that, had the statute merely required twenty days' notice by four publications, the last must have been twenty days previous in order to have constituted completed service, but, as by the terms of the section quoted the last publication may be at any time between two and four weeks previous thereto, it is manifest that the Legislature did not by the expression "twenty days' notice" intend notice by completed service. What then was intended thereby? Plainly enough that service should begin twenty days before; that is, there should be some kind of notice at least twenty days before the hearing, and this

should be by publication. If so, one publication would comply therewith quite as well as three. This seems a fair interpretation of the statute, and we are of the opinion that the trial court rightly held, that as the first publication was twenty days and the last fourteen days prior to the time fixed for hearing objections to the proposed resolution, the city council acquired jurisdiction to hear and pass on these and proceed accordingly.

II. Aside from the following, the proposed resolution of necessity contained no provision for the cost of the improvement: "The expense of making said improvements to be assessed against property abutting thereon and against railway and street railway companies whose tracks are located thereon in accordance with the law governing the same." For intersections, $48.83 was assessed against each half lot, and plaintiff contends that this was without authority. Section 817 of the Code enacts that the cost of improving street intersections may be assessed against the property abutting or fronting on the portion of the street, highway, avenue, or alley so improved in proportion to the linear front feet fronting or abutting upon such improvement. Otherwise it must be paid by the city. Not anything in the Code requires specific reference to intersections in the proposed resolution of necessity or the notice, and, this being so, the portion of such resolution quoted indicated with sufficient particularity the design of assessing the entire expense of the improvement, including that of the intersections against the property abutting thereon.

2. SAME: street improvement: resolution of necessity.

III. A part of the resolution of the city council adopting the schedule of assessments declared that "said assessments against said lots or parcels of ground are hereby declared to be in proportion to the special benefits conferred upon said property by such improvements and not in excess thereof, and not in excess of 25 percent of the actual

3. SAME: erroneous assessment of property: relief.

cost of same." It is apparent that the word "cost" was inadvertently used instead of "value." The petition alleged that the assessed value was $1,500, and that this was the actual value, and that neither the engineer nor city council had estimated or determined the actual value of the half lots, and, of course, in demurring defendants conceded the facts to be as alleged. Section 792a, Code Supp., 1907, provides that the "assessment shall not exceed twenty-five percent of the actual value of the lot or tract at the time of the levy and the last preceding assessment roll shall be taken as prima facie evidence of such value." Conceding that under this statute, the assessment should not have exceeded 25 percent of the assessed value, or $375, plaintiff's remedy was by interposing objection to the error before the city council (section 824, Code), from which appeal to the district court was available (section 839, Code) rather than in an independent suit in equity. The Legislature having established a tribunal for the correction of such errors, and having declared that failure to submit thereto, save in case of fraud, shall be waiver thereof, resort must be had to such tribunal for correction. *Minneapolis & St. L. Ry. v. Lindquist,* 119 Iowa, 144; *Owens v. City of Marion,* 127 Iowa, 469; *Nixon v. Burlington,* 141 Iowa, 316. The city council had authority to determine the amount of the assessment. It may have erred in fixing the amount by not treating the assessable value in the circumstances disclosed as the actual value, but this was in the exercise of the power it had, and not an act without authority, and the only remedy was by appeal.—*Affirmed.*