C. F. LYTLE, Appellant, v. CITY OF SIOUX CITY et al., Appellees.

**MUNICIPAL CORPORATIONS: Public Improvements—Grossly Excessive Assessment as Fraud.** The act of a city council in levying an assessment for paving in an amount grossly in excess of 25 per cent of the actual value of the property, *but only after the property owner had failed to enter any objection to the amount of such proposed assessment,* may not be said to be fraudulent, within the meaning of Section 6029, Code of 1924. It follows that the sole remedy of the property owner in such case is to appeal. He may not have the collection of the assessment enjoined.

**CONSTITUTIONAL LAW: Due Process—Excessive Special Assessment.** The enforcement of a grossly excessive assessment for paving may not be said to constitute a taking of property without due process of law, when the property owner failed to avail himself of due notice of, and opportunity to contest, the amount of said proposed assessment.

**CONSTITUTIONAL LAW:  Private Property for Public Use—Excessive**
3  **Special Assessment.**  A property owner who has waived all objection
to the amount of an assessment (because of his failure to enter any
objection before the city council as to said amount) may not there-
after assert that the assessment, concededly excessive, constitutes
a taking of private property for a public purpose without compen-
sation.

**MUNICIPAL CORPORATIONS:  Public Improvements—Special Assess-**
4  **ments—Instant Enhancement of Market Value.**  Principle reaffirmed
that a special assessment is not invalid because the benefits as-
sessed are not immediately reflected in the market value of the
property.

*Appeal from Woodbury District Court.*—MILES NEWBY, Judge.

OCTOBER 24, 1924.

ACTION in equity, to enjoin the collection of a special assess-
ment for paving.  From a judgment dismissing the petition,
plaintiff appeals.—*Affirmed.*

*Stason & Stason,* for appellant.

*Fred Free,* for appellees.

VERMILION, J.—The appellant is the owner of two lots in
Sioux City, abutting on a street upon which pavement was laid.
To pay the cost of the improvement, special assessments were
made upon abutting and adjacent benefited
1. MUNICIPAL
CORPORATIONS:  property, including appellant's lots.  He seeks
public improve-
ments: grossly  by an action in equity to have the assessment de-
excessive as-
sessment as  clared void, and the sale of the lots to pay the
fraud.
same enjoined.  No question is raised as to the
regularity or legality of the proceedings preceding the assess-
ment.  It is not seriously contended that the lots were not sub-
ject to assessment in some amount.  It is well settled that the
owner of abutting property cannot, if the proceedings have.
otherwise been regular, be heard to say that his property has
not been benefited and is not liable to assessment at all.  *Chicago,
R. I. & P. R. Co. v. City of Centerville,* 172 Iowa 444; *In re*

*Jefferson Street Sewer,* 179 Iowa 975; *In re Paving Floyd Park Addition to Sioux City,* 197 Iowa 922.

It is practically conceded that the amount of the assessment is greatly in excess of the present value of the lots. It is also conceded that appellant made no objection to the proposed assessment before the city council, and that he did not appeal from the action of the council in making the assessment. Had he adopted the statutory remedy of objecting to the assessment and of prosecuting an appeal to the district court, it cannot be doubted that he would have secured the relief to which he was entitled: namely, the reduction of the assessment to an amount not in excess of twenty-five per cent of the value of the property.

The question presented is whether appellant, having failed to avail himself of the remedy provided by statute, may secure relief in equity by enjoining the sale of the property to pay the assessment. He makes two contentions. (1) That the assessment is so excessive and exorbitant as to constitute fraud on the part of the city council. (2) That the assessment amounts to the taking of property without due process of law, and the taking of private property for public use without just compensation, and is, therefore, in violation of constitutional guaranties. In whatever form the proposition may be stated, the sole basis for appellant's contention is the amount of the assessment as compared with the value of the property and the special benefits conferred by the improvement.

The statute provides for the preparation by or under the direction of the city council, of a plat and schedule showing the lots or parcels of ground subject to assessment, and the amount to be assessed against each such lot or parcel. It also provides for the giving of notice that such plat and schedule are on file, and that, within twenty days after the first publication, all objections thereto, or to the prior proceedings, on account of errors, irregularities, or inequalities, must be made in writing before the city council. Sections 821, 822, Code, 1897, and Section 823, Code Supplement, 1913. Section 824, Code, 1897, is as follows:

"All objections to errors, irregularities or inequalities in the making of said special assessments, or in any of the prior proceedings or notices, not made before the council at the time

and in the manner herein provided for, shall be waived except where fraud is shown.''

.An appeal from the action of the city council on the objections so filed is provided for, and on the appeal all questions touching the validity of the assessment or the amount thereof, and not waived, are to be heard and determined. Section 839, Code of 1897.

It has been so often held that, where the question raised does not relate to the jurisdiction of the council to make an assessment, but merely to the exercise of the power, and in the absence of fraud, the statutory remedy is exclusive, that the proposition is not open to doubt. *Minneapolis & St. L. R. Co. v. Lindquist,* 119 Iowa 144; *Owens v. City of Marion,* 127 Iowa 469; *Clifton Land Co. v. City of Des Moines,* 144 Iowa 625; *Durst v. City of Des Moines,* 150 Iowa 370; *Cheny v. City of Ft. Dodge,* 157 Iowa 250; *Durst v. City of Des Moines,* 164 Iowa 82; *Hubbell, Son & Co. v. City of Des Moines,* 168 Iowa 418; *Ellyson v. City of Des Moines,* 179 Iowa 882.

Appellant relies upon cases decided by the Supreme Court of Wisconsin, holding that, where special assessments for public improvements are involved, the remedy by appeal is not exclusive. It is sufficient to say that, as shown by the cases cited, this court maintains the contrary view. It may be noted, however, that the rule announced by the Wisconsin court has been somewhat reluctantly followed, in obedience to the doctrine of *stare decisis. Kersten v. City of Milwaukee,* 106 Wis. 200 (81 N. W. 948).

Neither inequalities in the assessment nor the failure of the city council to take testimony as to the actual value of the property is sufficient to establish fraud. *Owens v. City,* supra; *Durst v. City of Des Moines,* 150 Iowa 370. The fact that the assessment exceeds twenty-five per cent of the value of the property is a matter that is waived by a failure to file objection before the city council. *Durst v. City of Des Moines,* 150 Iowa 370; *Hubbell, Son & Co. v. City of Des Moines,* supra. The assessment in excess of twenty-five per cent of the value of the property was erroneous, and could not have been sustained, had appellant taken the steps pointed out by the statute. He did not do so;

and this failure on his part is, under the statute, a waiver of his right to object to the amount of the assessment.

He did not, however, waive any objection based on fraud; and, if the fact that the assessment was grossly excessive must be said to constitute fraud, he did not waive any objection on that account. But he did, under the statute and our prior decisions, waive any objection to the amount of the assessment, and the city council, acting in view of his waiver, confirmed the proposed assessment. We think it cannot be said that the action of the council in acting on his waiver, which must be taken in connection with the assessment proposed to be made, as shown by the plat and schedule on file, and in making the assessment so proposed, was fraudulent, within the contemplation of the statute. It is not necessary to say here that an estoppel is involved. But the essence of fraud is bad faith. And, when the assessment was proposed, appellant was required to then object to it, or be held to have waived any objection to the amount of it. When he failed to object, and therefore waived any objection he might have had, we do not think bad faith is to be imputed to the council in accepting his waiver at its face, and making the proposed assessment. It was excessive and erroneous and subject to correction on appeal, but was not fraudulent.

There is no merit in the contention that the assessment amounted to the taking of property without due process of law. It is conceded that proper notice of the making of the assessment was given, as provided by statute. This 2. CONSTITUTIONAL LAW: due process: excessive special assessment. constituted due process of law. *Durst v. City of Des Moines*, 164 Iowa 82, and cases there cited.

It is insisted that, although all the proceedings prior to the assessment were regular and in accordance with the statute, yet the amount of the assessment is so grossly excessive and so much 3. CONSTITUTIONAL LAW: private property for public use: excessive special assessment. in excess of the value of the property and the benefits conferred that it amounts to the taking of private property for public use without compensation. Here, again, appellant is confronted with the proposition that the only wrong or illegality of which

he complains is the amount of the assessment, as to which he has, under the statute, waived the right to object.

Appellant relies upon the case of *Iowa Pipe & Tile Co. v. Callanan*, 125 Iowa 358. That was an action in equity, to foreclose the lien of certain assessment certificates issued by the city against the property in question in payment for the construction of a sewer, and for a personal judgment against the owner. No question was made as to the proper remedy, nor was the right of the property owner to question the validity of the assessment in that action raised. The case followed the case of *Norwood v. Baker*, 172 U. S. 269 (43 L. Ed. 443), holding that a special assessment in substantial excess of the special benefits was invalid. The *Norwood* case was distinguished, and its apparent effect limited, in *French v. Barber Asphalt Pav. Co.*, 181 U. S. 324 (45 L. Ed. 879). See, also, *Hackworth v. City of Ottumwa*, 114 Iowa 467.

Moreover, if it should be conceded that equity will afford relief from an assessment against property that is not benefited and could not be benefited by the improvement, that is not the present case. The appellant's lots abutted on the street, and, as we have said, it is not seriously insisted, and could not be successfully contended, that they did not receive some benefit from the improvement. The lots are on a hill, and their surface is some five or six feet higher than the pavement in front, and fifty feet above it in the rear. It is not necessary, in order to sustain the legality of an assessment, that the benefits from the improvement be immediately reflected in the present market value of the premises. *Camp v. City of Davenport*, 151 Iowa 33, 38; *Bell v. City of Burlington*, 154 Iowa 607, 614; *In re Appeal of Hawkeye Land Co.*, 197 Iowa 915. In the latter case, it was said:

4. MUNICIPAL CORPORATIONS: public improvements: special assessments: instant enhancement of market value.

"The country is full of cities in which this sort of development and transformation is taking place, where hills are cut down, low places filled, rocks blasted, and property of little value in its native condition is made ready for desirable homes or the needed sites of thriving shops and factories. Not least in contribution to such results are well improved streets and

public ways. It may be, and indeed is, difficult or impossible to fix or state any precise value or standard for the benefit conferred by the paving, as distinguished from other benefits arising from other concurring improvements; but that constitutes no reason for condemning assessments regularly·made by the city council, where fraud is neither charged nor proved. If it be true that the assessment on some of these lots is greater than their value without the improvement, it by no means follows that it is excessive or unequal. If such property is worthless, or of merely nominal value, it may well be that the street improvement will be one of the means or agencies by which these inferior·lots will be utilized and given real value.''

This was said in a case where the lot owner had expressly waived the twenty-five per cent limitation, but is peculiarly applicable here in answer to the contention that the assessment was confiscatory and a taking of private property without compensation.

We conclude that, while the assessment was erroneous and excessive, and in excess of twenty-five per cent of the value of the property, yet, the prior proceedings being regular, and appellant, by failing to make objection to the proposed assessment in the time and manner provided by the statute, having waived objection to the amount of the assessment, it was not fraud on the part of the city council to make it; and that appellant's only remedy under the statute was by appeal; and further that, since the property was benefited by the improvement, and therefore subject to some assessment, an assessment as to which objection was waived by appellant cannot, in view of the fact that the benefits from the improvement are not alone those immediately reflected in the market value of the property, be said to be confiscatory or the taking of private property for public use without just compensation.

No sufficient reason appears for disturbing the judgment below, and it is—*Affirmed.*

Arthur, C. J., and Stevens and De Graff, JJ., concur.