ESTATE OF HERMAN MEIJERINK et al., Appellants, v. EDWARD
LINDSAY, County Treasurer, et al., Appellees.

MUNICIPAL CORPORATIONS: Officers—Negotiation for Other Office
1   —Effect. A mayor may not be deemed to have vacated his office on
a simple showing that he had requested an appointment as justice of
the peace, and had executed a bond as such justice, but was never
appointed.

MUNICIPAL CORPORATIONS: Special Assessments—Inclusion of Im-
2   proper Expense—Effect. The inclusion in an assessment for a street
improvement of unallowable items of expense does not render the

assessment fraudulent and void; and consequently an independent action in equity to cancel the assessment will not lie, objection before the council and appeal being the proper remedy. (See Book of Anno., Vol. 1, Secs. 6029, 6063.)

Headnote 1:  43 C. J. p. 631.  Headnote 2:   28 Cyc. p. 1186.

Headnote 2:  25 R. C. L. 193.

*Appeal from Ida District Court.*—J. A. HENDERSON, Judge.

MAY 10, 1927.

Suit in equity, to cancel special assessment for street improvement. Judgment for defendants. Plaintiffs appeal.—*Affirmed.*

*Fred H. Free* and *J. C. Walter,* for appellants.

*Murphy & Murphy,* for appellees.

MORLING, J.—I.  It is first contended that McCutchen, the person who was acting as mayor while the improvement proceedings were in progress, had, after his election as mayor, become a justice of the peace, and thereby vacated the office of mayor; that he was consequently not the qualified mayor, or capable of acting as such; and that the improvement proceedings on that account were void. To this it is only necessary to say that the evidence merely shows that McCutchen verbally requested of two members of the board of supervisors, while the board was not in session, that he be appointed justice of the peace, and that:

1. MUNICIPAL CORPORATIONS: officers: negotiation for other office: effect.

"They replied that they were not in session, and were not in a position to take up the matter at that time; that they saw no objection to the appointment, being made, and for me [McCutchen] to prepare a bond and file it with the auditor, and the matter could be taken up at some subsequent meeting."

McCutchen filed official bond and oath, but no appointment was made. The bond was not approved. He later filed a formal resignation. It is clear, on the record, that McCutchen was not a justice of the peace.

II. It is next urged that there were included in the assessment sums allowed for compensation to officials to which they were not entitled, and which were not proper items of assessable improvement expense, and that, by reason thereof, the assessment was fraudulent and void. The plaintiffs filed with the city council objections to the assessment, in which the only reference to illegal expense was that the plats and schedule included expense of grading and engineering expense not chargeable against the property. The council reduced the plaintiffs' assessment from $2,979.75 to $2,000. Plaintiffs appealed, but their appeal was dismissed. No claim is made here that the proceedings up to the filing of the plat and schedule were invalid. Objections going only to the plat and schedule are required to be made before the city council, and if not so made, are waived. The remedy for the error of the council in passing upon the objections is by appeal. Code Supplement, 1913, Section 823; Code of 1897, Section 824; Supplemental Supplement, 1915, Sections 840-i to 840-r; Chapter 386, Acts of the Thirty-eighth General Assembly; Code of 1924, Sections 6026 to 6029, inclusive. The assessment was not void because of the inclusion of such items, and an original bill in equity to vacate the assessment on account thereof will not lie. *Lytle v. City of Sioux City,* 198 Iowa 848; *Myrah v. Dana,* 199 Iowa 801; *Shaver v. Turner,* 155 Iowa 492; *Hubbell, Son & Co. v. City of Des Moines,* 168 Iowa 418; *Clifton Land Co. v. City of Des Moines,* 144 Iowa 625; *Koontz v. City of Centerville,* 161 Iowa 627. The dictum to the contrary in *Bennett v. City of Emmetsburg,* 138 Iowa 67, and *Comstock v. City of Eagle Grove,* 133 Iowa 589, has been overruled. *Koontz v. City of Centerville,* 161 Iowa 627. The charge of fraud is not established by the mere fact that erroneous items of charges are included in the assessment. Other suggested answers to plaintiffs' contentions need not be considered.

The citations of the opinions of this court made in appellees' brief and argument are not in conformity to Rule 30 of this court. Therefore, the costs of appellees' brief and argument will be disallowed, and the cost of same will be taxed to appellees.

The judgment is—*Affirmed.*

EVANS, C. J., and DE GRAFF, ALBERT, and KINDIG, JJ., concur.

*Margin note: 2. MUNICIPAL CORPORATIONS: special assessments: inclusion of improper expense: effect.*