A. O. HAUGE, Appellee, v. CITY OF DES MOINES, Appellant. No. 38562.

1210

DECEMBER 13, 1927.

OPINION ON REHEARING APRIL 2, 1929.

Reson S. Jones, Eskil C. Carlson, Chauncey A. Weaver, Don G. Allen, and George W. Vest, for appellant.

Stewart & Hextell, for appellee.

ALBERT, C. J.—The petition is in four counts; and, as they represent different situations, they will be treated separately.

The first count deals with a paving improvement, upon the completion and acceptance of which the city of Des Moines issued the following bond, as a part of a series of 43 bonds, in form as follows:

"The city of Des Moines, in the state of Iowa, promises to pay as hereinafter stated, to the bearer hereof on the 1st day of April, 1924, or at any time before that date at the option of the city of Des Moines, the sum of $100, with interest thereon from the 29th day of December, 1916, at the rate of six per cent per annum, payable annually on the presentation and surrender of the interest coupons hereto attached. Both principal and interest of this bond are payable at the office of the city treasurer in the city of Des Moines, state of Iowa.

"This bond is issued by the city of Des Moines under and by virtue of Chapter 8 of Title V of the Code of Iowa, and the resolution of said city duly passed on the 16th day of February, 1916.

"This bond is one of a series of bonds of like tenor, date and amount, numbered from 1 to 43, inclusive, and issued for the purpose of defraying the cost of improving by paving a portion of the following named streets, to wit: Jefferson, Cherokee and Washington Avenues and E. 8th Street, as described in said resolution of said city, which cost is payable by the abutting and adjacent property along said improvements, as provided by law, and is made by law a lien on all of said abutting and adjacent property and payable in seven annual installments, with interest on all deferred payments at the rate of six per cent per annum, and this bond is payable only out of the special fund created by the collection of said special tax, when collected, and said fund can be used for no other purpose.

"And it is hereby certified and recited that all acts, conditions and things required to be done precedent to and in the issuing of this series of bonds have been done, happened and performed in regular and due form as required by law and resolution; and for the assessment, collection and payment hereon of said special tax, the full faith and diligence of said city of Des Moines are irrevocably pledged."

The bond involved is No. 43, in amount of $100, and is the last of the series. The allegation of this count is that the assessment produced, together with interest, is not sufficient to pay the principal and interest when due, and that the city failed to levy an assessment sufficient to produce the necessary revenue to

meet the costs of the improvement and the bonds issued therefor, together with interest thereon. The allegation further states that bonds up to No. 38, inclusive, have been paid in full. Judgment is asked in the sum of $109.50, together with interest at six per cent from January 1, 1927.

To this count the city filed answer, which, in effect, is a confession and avoidance. It says that the shortage in revenue produced to take care of the bond referred to is due not to any fact or act on the part of the city of Des Moines, or to any and all the acts, conditions, and things required to be done precedent to the issuance of the series of bonds in regular and due form, as required by law; that the shortage is not due to any failure of the city of Des Moines to have exercised its full faith and diligence in the assessment, collection, and payment of the special taxes referred to in the bond; that the city did each and all of the acts, conditions, and things required to be done precedent to and in the issuing of said series of bonds, and all things had been done, happened, and performed in regular and due form, as required by law; and that said shortage is due to the fact that the county treasurer of Polk County collects interest on the assessments as required, and as provided by law, on assessments paid in the month of March of said year, interest only to said month, and pays only this amount to the city treasurer; and that the county treasurer cannot pay the amount collected in the month of March of any one year until about or after the 15th of May following; that it is physically impracticable to make payments until about said last-named date of each year, and by reason thereof, two months' interest, or 1 per cent of all assessments due in the year, is uncollected, and must be paid by the city of Des Moines, and can only be paid from the special fund created for the collection of said special taxes, and the accumulation of such deficiency must rest upon the last bond or bonds of the series, and the amount of shrinkage is in excess of the total amount of the said bond, together with interest accrued thereon.

To this answer, plaintiff demurred. One of the points made in the demurrer is that the answer of the defendant shows on its face that the city did not provide a sufficient fund with which to pay the bond in question, as it was its duty to do. The total of the answer made by the city is twofold:

(1) That the county treasurer did not collect the interest

on the taxes for the month of March; and (2) that the county treasurer did not turn the money over to the city until the 15th of May, because of his inability, due to the large amount of work to get the money, to the city before that date. This gives rise to the question of the relation between the city and the county treasurer.

It is evident on the face of the statutes that the county treasurer is merely an agency for the city for the purpose of collecting these taxes. The duty so to do is conferred upon him  by statute, to the end that taxes of all kinds and descriptions that may be assessed against a given piece of property may be paid at one place. He must be looked upon, therefore, as an agent of the city for the specific purpose of receiving and collecting these taxes. How can the city, therefore, be heard to say that, because of the neglect or failure of one of its agencies in getting this money to it by the time the bond and interest are due,—to wit, April 1st of each year,—it had fully complied with the recitals of the bond? Again, under the answer of the defendant herein pleaded, it at all times knew of the condition that existed, and, having knowledge of such facts, it was bound to anticipate the very thing that did happen, and should have protected the bondholders against the same; and, having failed so to do, it breached the recital of this bond; and the matter pleaded by way of answer by the city is not a defense to the matters pleaded by the plaintiff; and the demurrer of the plaintiff was properly sustained.

The second count also involves a paving improvement and a series of 60 bonds, of which Nos. 1 to 46, inclusive, have been paid. Plaintiff is the holder of No. 51, in the sum of $500, the form of which is identical with the bond heretofore set out.

It is further alleged that, because of the appeal taken by certain property owners against the assessments made by the city on their property, it was finally adjudged in the district court of Polk County that the assessments against the property of the persons appealing were excessive, and the court reduced them by the amount of $3,878.16; and that, had said assessments not been so reduced, the proceeds of the tax would have produced sufficient revenue to pay Bond No. 51, above referred to, when due, together with the interest thereon.

The bond is found to contain the following recital:

"And it is hereby certified and recited that all acts, conditions and things required to be done precedent to and in the issuing of this series of bonds have been done, happened and performed in regular and due form as required by law and resolution."

Has this recital in the bond been complied with?

It is the evident import of the various statutes governing this matter that the city council shall levy such an amount as is necessary to the payment of the bonds and interest thereon at the time of maturity. This must be so, because the very purpose of the whole proceedings is that the contractor shall be fully compensated for the work he did, and if payment is deferred, he should, of course, have interest thereon; and, even aside from the recital of the bond, we think there is an implied obligation on the part of the city, under these statutes, to levy a sufficient amount to pay not only the bonds themselves, but the interest thereon as it accrues; and if it fails to do so, it has breached the obligations of its bond, and becomes liable therefor, under our prior pronouncements in the following cases: *Bucroft v. City of Council Bluffs*, 63 Iowa 646; *Scofield & Cavin v. City of Council Bluffs*, 68 Iowa 695; *Polk County Sav. Bank v. State*, 69 Iowa 24; *Fort Dodge Elec. L. & P. Co. v. City of Fort Dodge*, 115 Iowa 568; *Iowa Pipe & Tile Co. v. Callanan*, 125 Iowa 358; *Turner Impr. Co. v. City of Des Moines*, 155 Iowa 592; *Gilcrest & Co. v. City of Des Moines*, 157 Iowa 525; *Barber Asph. Pav. Co. v. City of Des Moines*, 191 Iowa 762.

The city is bound by the recitals in the bond, and if they be false or fraudulent, the city must be the loser, and not the bondholder. 19 Ruling Case Law 1004 *et seq.*; Harris on Issuing, Transfer & Collection of Bonds (2d Ed.) 129 *et seq.*; Simonton on Municipal Bonds 258 *et seq.*

This is especially true in a case like the one at bar, where the bond is payable out of a certain fund to be raised by taxation on the property benefited. Were it not so, the city could perpetrate fraud on all purchasers of bonds by reciting therein that all of the requirements of the law had been complied with, and thus escape payment of any kind.

We are not now interested in the question of whether or

not the issuance of bonds under the improvement statutes creates an indebtedness, within the meaning of the constitutional limitation, as held in *Davis v. City of Des Moines,* 71 Iowa 500, and many subsequent cases. This bond created an obligation on the part of the city to perform a certain statutory duty, and it certified that it had performed such duty. If it fell short on its certification, it should respond to the bondholders for such shortage by reason of its misrepresentations in the certificate; and in view of the fact that the measure of damages, either in a suit on a bond or an action for a breach of a bond, is the same in both instances, whether it be designated as a suit to recover on a bond or an action in damages for a breach of a bond, the result would be the same, and the discussion resolves into a mere matter of nomenclature.

Under the allegations in this count, the district court, in proper judicial proceedings, held that the action of the city in fixing the various assessments against the property of those persons who appealed in that case was illegal to the amount of $3,878.16. The certification, therefore, that, in effect, the statutes of the state had been complied with, was false to this extent. The allegation of the petition is that, had it not been for these illegal assessments, the amount realized would have been sufficient to pay plaintiff's bond; and the demurrer admits this allegation. It was, therefore, through the illegal acts of the defendant in making these assessments that the bond and interest are not paid; and, it being the duty of the city to make assessments sufficient to pay these bonds and interest, it breached its duty when it failed so to do, and the demurrer was properly overruled.

In Count 3, the bond involved was in the amount of $200, issued for a sewer improvement. It was in the same form as the bond heretofore set out, and, like it, was due on April 1st. It was the last of a series of 184 bonds, and the reason set out for there being no money to pay it is that certain property owners had failed to pay their assessments, and the county treasurer failed to collect the same by tax sale, for want of a bidder, and the city has failed to exercise its statutory power in making such collections, and breached its pledge of good faith and diligence to that end.

By reference to the bond heretofore set out, the city pledge is seen to be as follows:

"And for the assessment, collection and payment hereon of said special tax, the full faith and diligence of said city of Des Moines are irrevocably pledged."

What does this pledge mean? The city pledges itself, among other things, for the "collection" of said special tax, and also pledges its "full faith and diligence" for that purpose. The power to enforce the collection of these taxes by statute is conferred upon the city, and the lien on the property is in favor of the city. The fact that the treasurer could not sell the same for lack of a bidder does not excuse the city for a failure to perform its pledge to use its best efforts, under the statute, to collect the same for the benefit of the bondholders. So far as shown here, the city did nothing to redeem its pledge in this respect, and it is so admitted in argument. Having failed so to do, it has not complied with its pledge of full diligence in the collection of said tax, and the demurrer to this count was properly overruled.

The fourth count involved a bond of $100, the last of a series of 12. It remained unpaid for lack of funds, the cause of the deficit being that, at the tax sale, the property sold for less  than the amount of the tax, the sale resulting in a deficit in the total of the fund raised from said taxes, of $384. It is complained that the wrong of the city here was in levying such tax against the property in excess of the 25 per cent limitation provided by statute on the value of the property. This involves, in one sense, the same question raised in a previous count, except that in that count there was an adjudication of the excessive levy and a corresponding reduction in the amount thereof. The statutes of this state provide that for improvements of this kind the proposed assessment shall not exceed 25 per cent of the value of the property, and it was a duty incumbent upon the city, in levying said taxes, to keep within that limit; and while, in the instant count, there has been no adjudication that there was an excessive levy, at the same time we think this is a fact question; and if the plaintiff is able to show that the property was in fact excessively assessed, in violation of statute, then, of course, the same rule would apply as where there had been an adjudication of an excessive assessment.

In other words, we think this question can be as well adjudicated in this case between the city and the bondholders as it could be in a case between a property owner and the city. It being a question of fact, under this count, and not an adjudication, as discussed in a previous count, the demurrer to this count was properly overruled.

To sum it up, our conclusions are:

(1) That any misrepresentation in the recital of a bond resulting in a loss to the bondholders creates a liability on the part of the city.

(2) It was the duty of the city to be prepared to meet each bond and interest on its due date, and a failure or neglect on its part so to do makes it liable.

(3) It was the duty of the city to make a legal levy of sufficient funds to pay all of these bonds and the interest thereon at maturity.

(4) The city had no right to allow the bonds to run past maturity and then pay interest after the maturity date from the common fund raised by these taxes, to the detriment of bonds having a later maturity date. See *Meyer v. City and County of San Francisco*, 150 Cal. 131 (88 Pac. 722, 10 L. R. A. [N. S.] 110).

(5) Under its bond, it had an active duty to utilize all of the powers given to it by statute to collect with due diligence unpaid taxes due under this special assessment; and if it failed to use such diligence, it would be liable for such negligence.

We do not hold that it was the duty of the city to buy in this delinquent property at tax sale.

The district court sustained plaintiff's demurrer to Count 1 of defendant's answer, and overruled defendant's demurrer to Counts 2, 3, and 4 of plaintiff's petition. We agree with all of these rulings.—*Affirmed*.

All the justices concur, except STEVENS, FAVILLE, DE GRAFF, and GRIMM, JJ., who take no part.