R. W. Morrison, Trustee, Appellant, v. Eliza Culver Estate, C. C. Culver et al., Appellees.

No. 41506.

May 2, 1933.

Rehearing Denied June 23, 1933.

F. G. Ryan, for appellant.

Kimball, Peterson, Smith & Peterson, and Robertson & Wolfe, for appellees.

CLAUSSEN, J.—By admission in the pleadings and stipulation of facts, the following situation is disclosed as the basis of this action:

Eliza Culver, now deceased, was the owner of a lot in the town of Dunlap, Iowa, which became subject to special assessment prior to March 21, 1924, for, on that day a special assessment certificate was issued against said property, in an amount not in dispute. The certificate is a valid lien on the property. For the purpose of this case the said certificate can be considered the property of appellant. The whole of the certificate became due in March of the year 1925. The property was offered for sale at the tax sale in the year 1925, and each year thereafter, but was not sold, for want of purchasers, in consequence of which, the certificate remains unpaid. The town has not made a reassessment of the property subject to assessment for the cost of the improvement, to make up the balance remaining unpaid on account of the fact that the property remains unsold.

In this situation appellant asks judgment against the estate of Eliza Culver, and the defendant town for the amount due on the certificate, and for other relief incidental to such judgment.

It is appellant's theory that it was the duty of the estate of Eliza Culver to pay the assessment and the duty of the town to collect it, or reassess the cost of the improvement.

The assessment, upon which the certificate is based, imposed no personal obligation upon Eliza Culver. It created a lien on the property against which it was made. But it did not impose a personal duty on her to pay the assessment.

The assessment, in and of itself, did not obligate the defendant town to pay all or any part of it. If the town could, under any circumstances, become liable for the payment of the certificate, such liability must arise out of a failure on the part of the town to perform some duty imposed on it by contract or law. The fact situation discloses that no violation of a duty imposed by law occurred before the issue of the certificate. Subsequent to the date of issue, the town has done nothing, and consequently the town can only be liable if it has failed to do something which law or contract requires it to do. Assuming, but not deciding, that the certificate is a contract, a very careful examination of it discloses that it does not require any act to be done by the town after its issue. We quote the only part which could, by any stretch of imagination, be pertinent:

"It is hereby certified and recited that all the acts, conditions and things required to be done, precedent to, and in the issuing of this certificate, *have been done, happened and performed,* in regular and due form, as required by law. And the town of Dunlap, Harrison County, Iowa, *hereby transfers* to said Des Moines Asphalt Paving Company, or assign, all right and interest in and to the said assessment herein described, and the holder hereof *is authorized to collect and receive* said assessment, by or through any of the methods provided by law for its collection, as the same matures."

The stipulation of facts admits the validity of the certificate, which, of course, is an admission that the recitals above quoted are true. The certificate does not require the town to do anything subsequent to the date of issue. Consequently we may dismiss the certificate from further consideration.

When an examination is made of the situation to ascertain which, if any, duty imposed by law, remains undone, we are confronted by the discovery that the facts are somewhat meager. In order that appellant's position may be sustained it is necessary to hold that, if an assessment is not paid and the property is not sold at tax sale for want of purchasers, the town must reassess the cost of the improvement, or be liable, *ex delicto,* for the unpaid certificate. The town has no power to enforce the collection of the tax. Power to purchase property, subject to a special assessment certificate, has not been conferred upon cities and towns by statute. Code, section 6039. Unless such power is conferred by legislation the town does not have it. 44 C. J. Mun. Corp., sections 3569 and 4495. Special assessments levied against real property are enforced against the property by sale at tax sale, Code, section 6037, and since the town cannot act as a purchaser at such sale, it has no power to enforce collection.

It is urged by appellant that the case of Hauge v. City of Des Moines, 207 Iowa 1209, 224 N. W. 520, is controlling in the case at bar. Several separate and distinct situations were presented in that case. In the first situation, the total assessment made by the city of Des Moines was inadequate in amount to pay the outstanding bonds, even though the assessments were all collected in full. This was due to the fact that the bonds matured on April 1st of each year, while the money, with which they had to be paid, was not paid by the county treasurer to the city treasurer, until about May

15th, resulting in the payment of interest after maturity, for which no provision had been made in the original assessment of costs. In theory, the installments of the assessments being paid by the property owner in March, were available on April 1st to pay the bonds, but in practice such funds were not available until much later. In practice the assessment was so inadequate that when collected in full, a deficiency remained greater than the amount of the last bond of the series. In this situation there was a breach of the recital of the bond to the effect that the bond was payable out of the special fund created through the collection of special assessments. The fund thus created was inadequate.

In the second situation, appeals were taken by property owners from assessments made by the council, with the result that the assessments appealed from were reduced. If such assessments had not been reduced the fund created by the assessments would have been adequate to retire the bonds, but assessments, appealed from, are not made until final action by the court. The statutes provide that the cost of street improvements, of the character under consideration, not paid from designated funds shall be assessed against particular property. As a result of the combined actions of the council and the courts, a part of the costs had not been so assessed and the duty thus imposed by law had not been performed, and this was a breach of the recitals of the bond.

In the third situation a bond remained unpaid because certain property owners had not paid the assessments, and the county treasurer had not sold the property at tax sale, for want of bidders. The city had done nothing to enforce the collection of the tax. This was held to be a breach of the condition of the bond pledging the full faith and diligence of the city for the collection of the tax. There can be no serious controversy over the proposition that doing nothing falls far short of diligence.

In the fourth situation the bond remained unpaid because certain property, subject to assessment, sold at tax sale for less than the amount of the assessment. In this situation the holder of the bond complained that the city had levied an assessment in excess of 25 per cent of the value of the property. This complaint was attacked by demurrer, which was overruled by the trial court. This court held the pleading presented a fact question which could be adjudicated in a suit between the bondholder and the city, and stated facts, which if proven, would warrant recovery.

In the case of First National Bank v. Town of Elliott, 211 Iowa 341, 233 N. W. 712, bonds had been issued against special assessments. Two pieces of property had been assessed in the aggregate sum of $312.31. These properties were sold at scavenger sale for $53.90, and because of this, the bonds could not be paid in full. Judgment was rendered against the town. This case follows the fourth proposition of the Hauge case.

These cases turn upon these propositions:

1. The statute imposes upon the municipality the duty of making an assessment adequate to retire the bonds.

2. The bonds contain recitals that such assessments had been made.

3. The diligence of the municipality is pledged to collect the assessments.

4. The municipality has power to act as purchaser at tax sales when bonds have been issued, and consequently can enforce the collection of the tax.

These cases differ radically from the case at bar in that the third and fourth propositions, present in them, are not found in the case before us. Their significance becomes readily apparent if the figures in the Elliott case are considered. If the assessment made was not in excess of 25 per cent of the value of the property, such value was at least $1,249.24. The property was sold at tax sale for $53.90, or for just a trifle more than 4 per cent of its value at the time the assessment was made. The town had power to purchase the property at tax sale, and was pledged to diligence in the collection of the tax. The town could not escape·both horns of the dilemma. Either the assessment was grossly excessive or the town was grossly careless in permitting the property to be sold at tax sale for a small percentage of what it was worth. The inaction of the town told the whole tale. But in the case at bar the town is not pledged by contract to diligence in the collection of the tax and has been given no weapon by which it could enforce collection, in consequence of which, its inaction tells no story.

In this case the only facts tending to indicate a breach of the recitals of the certificate, or statutory duty, are that the assessment was not paid and the property was not sold at tax sale. In order that there may be no question concerning this, the stipulation of facts is set forth, omitting only its formal parts.

"That plaintiff is the trustee for the present owners of improvement certificate #355 issued by the Town of Dunlap, Iowa.

"That a true copy of improvement certificate #355 issued by the Town of Dunlap, Iowa, is attached to and made a part of plaintiff's petition and marked Exhibit 'A'.

"That improvement certificate #355 was issued by the Town of Dunlap, Iowa, under an assessment levied by the town council of the Town of Dunlap, Iowa, against Lot 9, Block 39, Town of Dunlap, Iowa, to pay a certain contractor part of the cost of paving certain streets in Dunlap, Iowa.

"That the sum of $186.38 became due and payable upon certificate #355 under date of March 31, 1925, but no part of same has ever been paid the county treasurer or the owners of such certificate.

"That the county treasurer of Harrison County, Iowa, advertised and offered for sale Lot 9, Block 39, Town of Dunlap, Iowa, for the payment of all regular taxes and all specials due on such certificate in the month of December, 1925, and in the month of December of each year thereafter including the year of 1930 and at all adjourned sales thereof, but the same was not sold for want of bidders.

"The town council for the Town of Dunlap, Iowa, did not reassess the property subject to assessment for the payment of the improvement, although payment in full thereof was not realized through tax sales.

"The town council of the Town of Dunlap, Iowa, performed all acts and matters required of it by the statutes of the state of Iowa prior to the issuance of said assessment certificate #355 necessary to constitute said certificate a valid lien against Lot 9, Block 39, Town of Dunlap, Iowa, for the full amount of said certificate #355."

The things of which appellant complains in his petition are the following:

"Plaintiff further states that by the terms of said Certificate the Town of Dunlap by its Town Council certified and recited that all the acts, conditions and things required to be done precedent to and in the issuing of said certificate had been done, happened and performed in regular and due form as required by law.

"Plaintiff further states that by the terms of said Certificate it

was provided that the assessment was in accordance with law providing for the improvement of streets and alleys by grading, curbing, paving and guttering, whereas plaintiff states that said Certificate was not issued in accordance with law in that the assessments therein provided were not in proportion to and were in excess of the special benefits conferred upon the property; that said assessments were each in excess of 25% of the actual value of the property assessed, and that the assessments were not according to area.

"Plaintiff states that the Treasurer of Harrison County, Iowa, has offered the above described property at certain, regular and adjourned tax sales of Harrison County from 1924 to the present date, and that he had been unable to sell the same for the lack of bidders.

"Plaintiff further states that although said certificates have been long past due and delinquent the defendant, Town of Dunlap, Iowa, has failed to enforce collection of the same, and has failed to use the powers conferred upon it by law to reassess the property subject to assessment for the cost of the improvement, and enforce the collection thereof."

There is nothing in the record to indicate that the assessment was not in proportion to benefits conferred by the improvement. Neither is there anything to indicate that it was in excess of 25 per cent of the value of the property.

The failure of the property to sell at tax sale is not evidence of its value in relation to the assessment. Assessments paid (Nelson v. Village of West Duluth, 55 Minn. 497, 57 N. W. 149), assessment rolls (Dudley v. Minnesota, etc., Ry. Co., 77 Iowa 408, 42 N. W. 359), and kindred matters are not relevant to the value of property. The failure of property to sell at tax sale is, at best, akin to a refusal to pay a price asked, which is generally held to be inadmissible to prove value. Pickett v. Comstock, 209 Iowa 968, 229 N. W. 249. In consequence, such failure does not establish that the assessment was in excess of 25 per cent of the value of the property. There must be competent evidence of the value of property before deductions can be made which are dependent upon its value as a major premise.

In the absence of some showing of inadequacy of some character in the assessment made, the town would have no power to reassess the cost of the improvement. This brings us to the crux of the case. Appellant feels that *because the assessment has not been*

*paid* by the property owner or by a purchaser at a tax sale, the town should have made a reassessment so that the certificate could be paid. The significance of nonpayment is not the same in the case of special assessment certificates as in case of bonds, for reasons heretofore indicated. We cannot sustain appellant's position without going beyond the law. Stockholders Inv. Co. v. Town of Brooklyn, 216 Iowa 693, 246 N. W. 826.

It is not necessary to determine the consequences which would flow from an inadequate assessment for the reason that the facts do not present such a case.

We cannot escape the conclusion that the judgment of the trial court is correct. In this situation other matters argued are immaterial. The judgment of the trial court is affirmed.

KINDIG, C. J., and EVANS, ALBERT, DONEGAN, and ANDERSON, JJ., concur.