INTER-OCEAN REINSURANCE COMPANY, Appellant, v. CITY OF SIOUX CITY, Appellee.

No. 42714.

FEBRUARY 12, 1935.

REHEARING DENIED JUNE 21, 1935.

Donnelly, Lynch, Anderson & Lynch, and Henderson, Hatfield & Wadden, for appellant.

H. C. Harper, John D. Beardsley, A. O. Jepson, and Milchrist, Schmidt & Marshall, for appellee.

KINTZINGER, J.—The petition alleges that the assessment against the lots in question was in excess of the benefits conferred, and greatly exceeded 25 per cent of the actual value thereof; that such over-assessment was intentionally and willfully made and constitutes fraud. It further alleges that assessment certificates based upon the over-assessment were issued to and received by the contractor in payment of the special assessment, and were duly assigned to the

plaintiff; that said assessment certificates purchased by plaintiff certified that: "All acts, conditions, and things required to be done precedent to, and in the issuing of this certificate have been done, happened and performed in regular and due form as provided by law;" that plaintiff purchased said certificate in particular reliance upon the statements contained therein, that all acts required to be done by law had been fully complied with by the city, and relying thereon, plaintiff paid full value therefor. Plaintiff further alleges that the city failed and neglected to comply with the requirements of the statute in failing to levy the assessment in proportion to the special benefits conferred, and contrary to law, levied said special assessments greatly in excess of 25 per cent of the actual value of said lots; that said over-assessment was willful and intentional; that the city, arbitrarily and illegally, as the basis of such assessments, fixed valuations upon said lots having no relation to the real or actual value thereof; that such lots were over-assessed to such an extent that a sale thereof would not realize the amount of such certificates; that such over-assessments constituted, as a matter of law, a fraud upon the holder of the certificates; that as a result of said over-assessment the owners of said lots have permitted them to go to tax sale for the ordinary taxes; and as a result thereof plaintiffs have been unable to collect the amount of said certificates and were damaged in the sum of over $40,000.

The foregoing, in substance, are the facts alleged in the petition. To the petition the defendant filed the following demurrer:

"That the facts stated in plaintiff's petition do not entitle plaintiff to the relief demanded or any relief for the following reasons:

"(a) Said petition fails to show the special assessment certificates referred to in said petition to be illegal or invalid.

"(b) Fails to show any contract or statutory obligation upon defendant to collect and pay over to the certificate holder the said special assessments.

"(c) Fails to show any failure of the defendant to perform any duty or obligation owing by defendant to the plaintiff which can be a ground for the recovery of damages.

"(d) Fails to allege any facts upon which recovery of damages may be based, or to make any showing that plaintiff has been damaged by any act or omission of defendant.

"(e) Shows that the special assessment certificates referred to in plaintiff's petition were issued in pursuance of proper proceeding

and that the question of the extent of benefits and the amount properly and lawfully assessable against the property described in said certificates has been determined and settled by the tribunal provided by law for that purpose and that plaintiff is the assignee of a party to such proceeding and is bound thereby.

"(f) Fails to allege any facts constituting fraud or collusion on the part of the defendant."

The lower court sustained the demurrer, and plaintiff alleges error because of such ruling for the reasons hereinafter considered.

I.   The reasons set out in one branch of the errors alleged are substantially included within the following: That the property was over-assessed, and that such assessment greatly exceeded 25 per cent of the actual value of such property, and that by reason thereof the assessment certificates became uncollectible, and the plaintiffs were damaged to the extent of the difference between the amounts paid upon said assessments and the original amount of the special assessments levied.

The errors so alleged were fully considered by us in the recent case of Stockholders Investment Co. v. Town of Brooklyn, 216 Iowa 693, 246 N. W. 826. In that case we held that the assessment was levied in such a manner as to constitute a valid lien against the property assessed, and that an over-assessment does not create a liability against the city in favor of the certificate holders.

The various cases cited by appellant as supporting its contention, that the city is liable for levying an over-assessment against the property in question, are fully reviewed by this court in Stockholders Investment Co. v. Town of Brooklyn, supra, and a further consideration of them here is deemed unnecessary. In discussing the distinction between those cases and the Brooklyn case, this court said (loc. cit. 707):

"The distinction between the cases cited and the one at bar is easy of perception. In those cases the bonds or obligations were payable out of a special fund, which the city obligated itself to create. In the case at bar there was no such obligation. The special certificates were not payable out of a special fund. The town was not obligated, either by statute or by contract, to create any special fund. What the town of Brooklyn was obligated to do was to institute and pursue proper proceedings in the issuance and delivery of the special certificates here involved, and according to the allega-

tions of plaintiff's petition, it did so do. It levied proper assessments in sufficient amounts to pay the various certificates issued, and obtained a waiver of the various property owners and their separate promises to pay the assessments so levied. Appellant contends that in the particular instances involved, such assessments were in excess of 25 per cent of the value of the various properties. Significant in this regard appears the fact that the first two or three of the seven installments provided for in the certificates were paid by the property owners prior to the commencement of this action. The town pursued, legally, the only course that was open to it in fixing and determining the amount of these assessments. No other tribunal is provided to do this, and no other procedure exists by which it can be done. There is no claim of fraud or collusion made by appellant. The property owner's promise to pay is available to the plaintiff only and not to the city. The plaintiff has the right to purchase the various properties at tax sale, or in any other way enforce the lien created by the special assessment. The defendant town has no such right. We are not prepared to extend the doctrine announced in the Hauge case [Hauge v. City of Des Moines, 207 Iowa 1209, 224 N. W. 520] and others similar, and hold that municipalities are liable upon special assessment certificates, such as are involved in the case at bar, solely upon the allegation and claim that they exceeded their authority or violated their duty in fixing and levying special assessments * * * in greater amounts than 25 per cent of the value of the property assessed, especially where that is the only ground of attack and * * * no fraud or collusion is claimed. Barber Asphalt Pav. Co. v. Woodbury County, 137 Iowa 287, 114 N. W. 1044; Durst v. City of Des Moines, 150 Iowa 370, 130 N. W. 168; Anderson-Deering Co. v. City of Boone, 201 Iowa 1129, 205 N. W. 984; Downey v. City of Sioux City, 208 Iowa 1273, 227 N. W. 125."

The facts in this case are exactly similar to the facts recited in Stockholders Investment Co. v. Town of Brooklyn, 216 Iowa 693, 246 N. W. 826, unless it be that the allegations of fraud as alleged in this case, and hereinafter considered, take it out of the doctrine announced in the Brooklyn case. In the instant case the city levied a proper assessment in a sufficient amount to pay the various certificates issued, and obtained the waiver of the various property owners, and their separate promises to pay the assessments so levied, and no objections were made by the property owners to the assessments

so levied. The assessment, therefore, was in fact a legal, valid, and binding assessment, and in a sufficient amount to pay the certificates. Clifton Land Co. v. City of Des Moines, 144 Iowa 625, 123 N. W. 340; Owens v. City of Marion, 127 Iowa 469, 103 N. W. 381; Durst v. City of Des Moines, 150 Iowa 370, 130 N. W. 168; Hubbell, Son & Co. v. City of Des Moines, 168 Iowa 418, loc. cit. 425, 150 N. W. 701; Lytle v. City of Sioux City, 198 Iowa 848, 200 N. W. 416; Meijerink's Estate v. Lindsay, 203 Iowa 1031, 213 N. W. 934; Walter v. City of Ida Grove, 203 Iowa 1068, 213 N. W. 935.

The assessment certificates in the instant case were delivered by the city to the original contractors, and by them assigned to the plaintiff herein, and, as recited in the certificate in the Brooklyn case, the certificates in the instant case also provide:

"The City of Sioux City transfers and assigns to Booth & Olson, contractors or assigns all right and interest of the City of Sioux City in the assessment herein described, and the holder hereof is authorized to collect and receive said assessment by or through any of the methods provided by law for its collection as the same matures."

The certificate in this case also provided, as did the certificate in the Brooklyn case:

"It is hereby certified and recited that all acts, conditions and things required to be done precedent to and in the issuing of this certificate have been done, happened and performed, in regular and due form as provided by law. And the City of Sioux City hereby transfers to said Booth & Olson or assigns all right and interest of the City of Sioux City in the assessment herein described, and the holder hereof is authorized to collect and receive said assessment by or through any of the methods provided by law for its collection, as the same matures."

Upon the question of over-assessments alone, irrespective of any allegations of fraud, the instant case would be controlled by Stockholders Investment Co. v. Town of Brooklyn, supra, and the over-assessment, in and of itself, would not be sufficient to create a liability on the part of the city.

II. It is contended that a different rule should apply in the instant case, because of certain allegations of fraud made in plaintiff's petition. The allegations of the petition in this case, relating to an over-assessment, are substantially identical to those made in

the Brooklyn case, except that in this case the plaintiff alleges "that it did levy special assessments greatly in excess of 25 per cent of the value of said tracts as shown by the last preceding assessment roll, and that it *wilfully and intentionally over-assessed* the lots and tracts and parcels of real estate described in said special assessment certificates, against which said assessments were levied, and assigned an arbitrary and fictitious value to said real estate against which said assessments were levied. And * * * arbitrarily and illegally, as the basis of such assessments fixed valuations for said lots * * * having no relation to the real or actual value thereof; * * * that said tracts * * * were over-assessed to such extent that a sale thereof would not realize the amount of such said certificates * * * *that the over-valuation and assessment of said tracts * * * constituted, as a matter of law, a fraud* upon the holder of said certificates issued by defendant city * * *." (Italics ours.)

With the exception of the use of the additional words, that the over-assessments were made willfully and intentionally, and "that such willful and intentional over-assessment constituted a fraud upon these plaintiffs," there is, in substance, no difference between the allegations of the petition in the instant case than those in the Brooklyn case. No facts showing any acts of fraud or collusion on the part of the defendant city are in any manner alleged.

It is true that plaintiff alleges that the over-assessment in this case was made willfully and intentionally, but we can see no difference between the acts accomplished in this case and those in the Brooklyn case. In that case it was alleged that the city *made an over-assessment of the parcels of land* in question. There is, therefore, no material difference between the allegations of the petition in the instant case and those in the Brooklyn case. The mere allegation "that such acts constituted fraud" upon the plaintiff, is not a sufficient allegation of fraud to avoid the rule announced in the Brooklyn case. The effect of the ruling announced in the Brooklyn case cannot be avoided by simply alleging the same state of facts and then alleging that the doing of such acts constitute a fraud. In the Brooklyn case we held that the acts committed did not constitute fraud. Such allegations in the instant case are a mere conclusion of the pleader, and are not sufficient to constitute fraud. Midland Mortgage Co. v. Rice, 197 Iowa 711, 198 N. W. 24; Legler v. West Side Mutual Fire Ins. Ass'n, 214 Iowa 937, 243 N. W. 157.

An over-assessment does not constitute fraud even though such assessment is grossly disproportionate to the value of the property. Lytle v. City of Sioux City, 198 Iowa 848, 200 N. W. 416; Meijerink's Estate v. Lindsay, 203 Iowa 1031, 213 N. W. 934; Walter v. City of Ida Grove, 203 Iowa 1068, 213 N. W. 935; Stockholders Inv. Co. v. Town of Brooklyn, 216 Iowa 693, 246 N. W. 826; Morrison v. Culver's Estate, 216 Iowa 676, 248 N. W. 237; Owens v. City of Marion, 127 Iowa 469, 103 N. W. 381.

In Lytle v. City of Sioux City, supra, loc. cit. 851, this court said:

"Neither inequalities in the assessment nor the failure of the city council to take testimony as to the actual value of the property is sufficient to establish fraud. Owens v. City of Marion, supra [127 Iowa 469, 103 N. W. 381]; Durst v. City of Des Moines, 150 Iowa 370, 130 N. W. 168. The fact that the assessment exceeds 25 per cent of the value of the property is a matter that is waived by a failure to file objection before the city council. * * * The assessment in excess of 25 per cent of the value of the property was erroneous, and could not have been sustained, had appellant taken the steps pointed out by the statute. He did not do so; and this failure on his part is, under the statute, a waiver of his right to object to the amount of the assessment. He did not, however, waive any objection based on fraud; and, *if the fact that the assessment was grossly excessive must be said to constitute fraud, he did not waive any objection on that account.* But he did, under the statute and our prior decisions, waive any objection to the amount of the assessment, and the city council, acting in view of his waiver, confirmed the proposed assessment. We think it cannot be said that the action of the council in acting on his waiver, which must be taken in connection with the assessment proposed to be made, * * * was fraudulent, within the contemplation of the statute * * *. The essence of fraud is bad faith. * * * When he failed to object, * * * we do not think bad faith is to be imputed to the council in accepting his waiver at its face, and making the proposed assessment. *It was excessive and erroneous and subject to correction on appeal, but was not fraudulent.*" (Italics ours.)

In the instant case a plat of the proposed improvement including a list of the proposed assessments was on file. Notice of the filing thereof was duly given. The amounts of such assessments were,

or must have been known to the contractor, and when the city levied said assessments, with the knowledge of the contractor, and without any objection on the part of the lot owners, but with their approval and consent, it cannot be said that the acts of the city council, in levying the assessments, constitute fraud or bad faith.

There being no actual fraud alleged, it necessarily follows that the doctrine announced in Stockholders Investment Co. v. Town of Brooklyn, 216 Iowa 693, 246 N. W. 826, is controlling upon us here. The judgment of the lower court is therefore hereby affirmed.—Affirmed.

ANDERSON, C. J., and MITCHELL, DONEGAN, POWERS, PARSONS, HAMILTON, and RICHARDS, JJ., concur.